1   ANN MILLER RAVEL, County Counsel (S.B. #62139)
    MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
2   OFFICE OF THE COUNTY COUNSEL
    70 West Hedding, East Wing, 9th Floor
3   San Jose, California  95110-1770                    *E-FILED 4/9/07*
    Telephone:  (408) 299-5900
4   Facsimile:  (408) 292-7240

5   Attorneys for Defendants
    COUNTY OF SANTA CLARA, NORMA
6   SPARKS, YAZMINA LETONA, SHARON
    BURGAN, JEWELS RAMIREZ, VU TRAN,
7   ANN MILLER RAVEL, RIMA SINGH,
    AARON WEST, GEORGE KENNEDY,
8   JOHN HAMILTON, ANITA NOBLE,
    JANET KAHLE, MARY RITTER, DAVID
9   KEARNS, AND RAJUI KAZI

10

11                          UNITED STATES DISTRICT COURT
12                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  TRACY WATSON, et al.,                )   No.   C06-4029 RMW
                                         )
15          Plaintiffs,                  )   **STIPULATED PROTECTIVE ORDER**
                                         )
16  v.                                   )
                                         )
17  COUNTY OF SANTA CLARA, et al.        )
                                         )
18          Defendants.                  )
                                         )
19  _____ )

20      1.    PURPOSES AND LIMITATIONS

21          Disclosure and discovery activity in this action are likely to involve production of

22  confidential, proprietary, or private information, including confidential juvenile court records,

23  for which special protection from public disclosure and from use for any purpose other than

24  prosecuting this litigation would be warranted.  The Santa Clara County Superior Court has

25  authorized the parties to use certain juvenile court records, subject to this Stipulated Protective

26  Order.  Accordingly, the parties hereby stipulate to and petition the court to enter the following

27  Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

28  protections on all disclosures or responses to discovery and that the protection it affords extends

only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6.   Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.7   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or

of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, based on its own motion or a motion brought by a Designating Party.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

1          5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

2 Order ~~(see, e.g., second paragraph of section 5.2(a), below)~~, or as otherwise stipulated or

3 ordered, material that qualifies for protection under this Order must be clearly so designated

4 before the material is disclosed or produced.

5          Designation in conformity with this Order requires:

6          (a)   <u>for information in documentary form</u> (apart from transcripts of

7 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

8 "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or

9 portions of the material on a page qualifies for protection, the Producing Party also must clearly

10 identify the protected portion(s) (e.g., by making appropriate markings in the margins).

11          (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

12 that the Party or non-party offering or sponsoring the testimony identify on the record, before

13 the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is

14 impractical to identify separately each portion of testimony that is entitled to protection, and

15 when it appears that substantial portions of the testimony may qualify for protection, the Party

16 or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

17 deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

18 portions of the testimony as to which protection is sought.  Only those portions of the testimony

19 that are appropriately designated for protection within the 20 days shall be covered by the

20 provisions of this Stipulated Protective Order.

21          5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

22 designate qualified information or items as "Confidential" does not, standing alone, waive the

23 Designating Party's right to secure protection under this Order for such material. If material is

24 appropriately designated as "Confidential" after the material was initially produced, the

25 Receiving Party, on timely notification of the designation, must make reasonable efforts to

26 assure that the material is treated in accordance with the provisions of this Order.

27 / /

28 / /

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

/ /

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Counsel of record in this action, or if the Receiving Party is a pro per litigant, the pro per litigant as well as employees of said Counsel and/or pro per litigant to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1    (f)    during their depositions, witnesses in the action to whom disclosure is

2  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

3  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

4  Protected Material must be separately bound by the court reporter and may not be disclosed to

5  anyone except as permitted under this Stipulated Protective Order.

6    (g)    the author of the document or the original source of the information.

7    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
           OTHER LITIGATION.

8

9    If a Receiving Party is served with a subpoena or an order issued in other litigation that

10  would compel disclosure of any information or items designated in this action as

11  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by

12  fax, if possible) immediately and in no event more than three court days after receiving the

13  subpoena or order. Such notification must include a copy of the subpoena or court order.

14    The Receiving Party also must immediately inform in writing the Party who caused the

15  subpoena or order to issue in the other litigation that some or all the material covered by the

16  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

17  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

18  caused the subpoena or order to issue.

19    The purpose of imposing these duties is to alert the interested parties to the existence of

20  this Protective Order and to afford the Designating Party in this case an opportunity to try to

21  protect its confidentiality interests in the court from which the subpoena or order issued.

22    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

24  Material to any person or in any circumstance not authorized under this Stipulated Protective

25  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

26  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

27  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

28  of this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.   FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing

1   any information or item on any ground not addressed in this Stipulated Protective Order.

2   Similarly, no Party waives any right to object on any ground to use in evidence of any of the

3   material covered by this Protective Order.

4

5   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6

7   Dated:      March 22, 2007                          /S/
                                                _____
8                                               PETER JOHNSON
                                                Attorney for Plaintiffs
9

10  Dated:      March 22, 2007                          /S/
                                                _____
11                                              MELISSA KINIYALOCTS
                                                Attorney for County Defendants
12

13  Dated:      March 22, 2007                          /S/
                                                _____
14                                              JACQUELYN K. WILSON
                                                Attorney for Evergreen School District Defendants
15

16  Dated:      March 22, 2007                          /S/
                                                _____
17                                              CLIFF GREENBERG
                                                Attorney for City of San Jose Defendants
18

19

20  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

21

22  Dated:___4/9/07_____

23                                              THE HONORABLE HOWARD R. LLOYD
                                                United States Magistrate Judge
24

25

26

27

28  55642.wpd

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Watson v. Santa Clara County*; Case No. C06-4029RMW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                     [signature]