**E-FILED on**   8/27/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, RENEE STALKER, O.S., S.W., R.W.,<br><br>           Plaintiffs,<br><br>   v.<br><br>COUNTY OF SANTA CLARA, COUNTY OF SANTA CLARA DEPARTMENT OF FAMILY AND CHILDREN SERVICES, COUNTY OF SANTA CLARA DEPARTMENT OF COUNTY COUNSEL, COUNTY OF SANTA CLARA DISTRICT ATTORNEYS OFFICE, SANTA CLARA VALLEY MEDICAL CENTER, EVERGREEN SCHOOL DISTRICT, CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, NORMA SPARKS, YAZMINA LETONA, SHARON BURGAN, JEWELS RAMIREZ, VU TRAN, ANN MILLER RAVEL, RIMA SINGH, AARON WEST, GEORGE KENNEDY, CLIFTON BLACK, ROSE REAL, ROBERT PRUITT, CHERYL HARMS, CLAUDIA BLODGETT, GARY KISHIMOTO, JOELLA MOLLOY, JOHN HAMILTON, ANITA NOBLE, JANET KAHLE, MARY RITTER, DAVID KEARNS, RAJUL KAZI, ROB DAVIS, WILLIAM HOYT, CRAIG BLANK,<br><br>           Defendants. | No. C-06-04029 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>**[Re Docket No. 58]** |

      Defendants Evergreen School District, Clifton Black, Rose Real, Robert Pruitt, Cheryl Harms, Claudia Blodgett, and Gary Kishimoto (the "School District defendants") move to dismiss plaintiffs' second amended complaint ("SAC") for failure to state a claim. Plaintiffs filed opposition to the School District defendants' motion. The court has read the moving and responding papers and

ORDER GRANTING IN PART AND DENYING IN PART SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-06-04029 RMW
SPT

considered the arguments of counsel. For the reasons set forth below, the court grants in part and denies in part the School District defendants' motion as follows: (1) defendants' motion to dismiss as to plaintiffs' fifteenth claim for a violation of public policy is granted with prejudice; (2) defendants' motion to dismiss as to plaintiffs' sixteenth claim for violation of the Americans with Disability Act and the Rehabilitation Act and seventeenth claim for intentional infliction of emotional distress is granted without prejudice; (3) defendants' motion to dismiss as to the twenty-second claim is denied; and (4) plaintiffs have twenty calendar days from the date of this order to amend their complaint.

## I. BACKGROUND

The court previously dismissed plaintiffs' complaint against the School District defendants because, based on the allegations, the claims against defendants were barred by the absolute immunity conferred by Cal. Penal Code § 11172 to mandatory reporters. *See* Order of January 3, 2007 Granting Defendants' Motion to Dismiss ("Jan. 3, 2007 Order") at 13:20-14:6. The court granted leave to amend as follows:

> Plaintiffs are granted leave to amend to adequately plead facts showing that (1) defendants are not mandatory reporters within the meaning of The Child Abuse and Neglect Reporting Act, Cal. Penal Code § 11164 *et seq.* and (2) specific statements or conduct by defendants fall outside the purview of the immunity provided by § 11172(a), including as interpreted by the *Ferraro* court. Absent such pleadings, plaintiffs' complaint will be dismissed with prejudice as to the School District defendants.

*Id.* at 14:2-7.

Plaintiff O.S. is a nine year old female child. According to the second amended complaint ("SAC"), she suffers from Attention Deficit Hyperactivity Disorder, Turrets Syndrome, Sensory Integration Disorder, Processing Deficit, and has deficits in communications skills, cognitive skills, and chronology, and memory impairments. SAC ¶ 34. O.S. was a special needs child in the care of the Evergreen School District during the 2004 and 2005 school years. *Id.* ¶ 42. Plaintiff S.W. is a four year old male child who suffers from severe autism. *Id.* ¶ 33. Plaintiff R.W. is a two year old male child. *Id.* ¶ 32. Plaintiff Renee Stalker ("Stalker") is the mother of O.S., S.W., and R.W.. *Id.* ¶ 30. Plaintiff Tracy Watson ("Watson") is the father of O.S., S.W., and R.W., and is Stalker's spouse. *Id.* ¶ 31.

1   Defendant Clifton Black ("Black") is the superintendent of the Evergreen School District
2   located in Santa Clara County. *Id.* ¶ 12. Defendants Rose Real ("Real"), Robert Pruitt ("Pruitt"),
3   Claudia Blodgett ("Blodgett"), Gary Kishimoto ("Kishimoto"), and Cheryl Harms ("Harms") are
4   employed by the Evergreen School District.[1] *Id.* ¶¶ 13-16, 29. Defendant Evergreen School District
5   is a division of Santa Clara County. *Id.* ¶ 38.

6   Plaintiffs allege that during the 2004 and 2005 school years, staff from the Evergreen School
7   District systematically abused O.S. who was in their care for special education services. On May
8   26, 2005 Real filed an allegedly false claim that O.S. had been sexually abused with the Santa Clara
9   County Department of Family and Child Services ("DFCS"). On June 7, 2005 DFCS contacted
10  Watson and notified her that DFCS was investigating allegations that O.S. had been sexually abused.
11  On June 24, 2005 DFCS cross-reported the sexual abuse report to the San Jose Police Department.
12  On June 29, 2005 San Jose police officers removed S.W. and R.W. from Watson's and Stalker's
13  home, and the following day O.S. was taken into protective custody. Plaintiffs claim that
14  interrogations conducted by the police at that time did not turn up any complaints of abuse or
15  evidence for any charges.

16  Additional background facts are set forth in this court's January 3, 2007 Order. The court
17  addresses the allegations against the School District defendants in the analysis below.

## II. ANALYSIS

19  Four claims are directed against the School District defendants in the SAC: (1) fifteenth
20  claim for violation of California public policy, *id.* ¶¶ 223-29; (2) sixteenth claim for violation of the
21  Americans with Disability Act ("ADA"), 42 U.S.C. § 12132, and section 504 of the Rehabilitation
22  Act, 29 U.S.C. § 794, *id.* ¶¶ 230-39; (3) seventeenth claim for intentional infliction of emotional
23  distress, *id.* ¶¶ 240-53; and (4) twenty-second claim for "Civil Conspiracy–Oppressive
24  Governmental Conduct Deprivation of Substantive Due Process Rights" in violation of 42 U.S.C. §
25  1983, *id.* ¶¶ 294-305.

---

[1] The complaint does not allege any further facts regarding the roles of these defendants as employees of the Evergreen School District.

### A.     Violation of California Public Policy

In their fifteenth claim, plaintiffs allege that defendants violated California public policy because defendant Real planned, created, and ultimately fabricated a claim that O.S. had been sexually abused. The School District defendants first assert that plaintiffs have failed to address the court's order that plaintiffs adequately plead facts showing that defendants are not mandatory reporters within the meaning of The Child Abuse and Neglect Reporting Act, Cal. Penal Code § 11164 *et seq.* For purposes of The Child Abuse and Neglect Reporting Act, mandatory reporters include: (1) a teacher, (2) an instructional aide, (3) a teacher's aide or teacher's assistant employed by any public or private school, (4) a classified employee of any public school, (5) an administrative officer or supervisor of child welfare and attendance, or a certificated pupil personnel employee of any public or private school, and (6) any employee of a county office of education or the California Department of Education, whose duties bring the employee into contact with children on a regular basis. Cal. Penal Code § 11165.7. In the January 3, 2007 Order, the court determined that, based on the first amended complaint, the School District defendants are all mandatory reporters within § 11164. Plaintiffs have not made any amendment to their allegations of the specific role or roles of each School District defendant within the school district. As the court previously held, as alleged, each School District defendant appears to fall within the category of "mandatory reporter" as defined in § 11165.7. *See* Jan. 3, 2007 Order at 9:1-2.

Plaintiffs allege that Real's report is not covered by § 11172 because she reported suspected sexual abuse of O.S. "for the sole purpose of retaliating against O.S.'s parents for engaging in pro-active conduct to ensure O.S.'s educational rights." *Id.* ¶ 224. Moreover, defendants Black and the "supervisory personnel within the Evergreen School District" allegedly had knowledge of and ratified Real's conduct. *Id.* ¶ 227. In their previous complaint, plaintiffs had framed these same factual allegations as a false report of sexual abuse under Cal. Penal Code § 11164. In the January 3, 2007 Order the court held that this claim is barred by the immunity provided under Cal. Penal Code § 11172. Plaintiffs have now removed all references to Cal. Penal Code §§ 11164 and 11172 in their complaint, but have kept the same basic factual allegations.

Defendants move to dismiss this claim on the grounds that it is barred by the absolute

1  immunity provided in § 11172. Specifically, defendants contend that even if plaintiffs have
2  removed the references to §§ 11164 and 11172, the allegations essentially still assert that the School
3  District defendants' report of sexual abuse and subsequent ratification of the report of sexual abuse
4  fall within the protections of § 11172. Plaintiffs argue that because they have alleged that the report
5  of abuse by defendant Real was completely fabricated and made solely in retaliation against O.S.'s
6  parents for asserting their parental rights as to O.S.'s education plan, the report and purported
7  ratification are not protected by § 11172 immunity. The court disagrees. As noted in this court's
8  January 3, 2007 Order, California courts have concluded that immunity for mandatory reporters
9  applies even where the report is negligent or intentionally false because "it is inconsistent to expose
10 professionals to civil liability for failing to report and then expose them to liability where their
11 reports prove false." *See Stecks v. Young*, 38 Cal. App. 4th 365, 373 (1995). Whether immunity
12 applies to a mandatory reporter is not dependent upon whether plaintiffs could prove that defendants
13 made the report negligently or with knowledge of its falsity. *Id.* Here, plaintiffs have alleged facts
14 that suggest that all of the School District defendants fall within the definition of a mandatory
15 reporter for purposes of The Child Abuse and Neglect Reporting Act. Plaintiffs have failed, despite
16 the court's direction in granting the School District defendants' motion to dismiss the amended
17 complaint, to plead facts showing that defendants are not mandatory reporters. Thus, plaintiffs'
18 fifteenth claim is barred by § 11172.

19       Plaintiffs argue in opposition that the School District defendants, other than Real, are not
20 mandatory reporters because only Real made the actual report and the other defendants merely came
21 in after the fact and repeated the report while knowing it was false. This argument is not persuasive.
22 In particular, plaintiffs have again failed to set forth the particular communications or conduct of the
23 School District defendants that purportedly fall outside § 11172. Thus, the allegations are
24 insufficient to show that any purported communications or conduct by the School District
25 defendants fall outside § 11172. *See Storch v. Silverman*, 186 Cal. App. 3d 671, 681 (1986) (noting
26 that "[l]imitation of immunity to the person making the telephone call to the agency or signing the
27 report would defeat that purpose" and sustaining demurrers where plaintiff's record "discloses no
28 basis to conclude that plaintiffs could have alleged facts to state a cause of action which would not

ORDER GRANTING IN PART AND DENYING IN PART SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT—No. C-06-04029 RMW
SPT                                                5

be barred by the immunity statute").[2] As this court previously noted, post-report communications by mandatory reporters are considered authorized reports within § 11172. *See Ferraro v. Chadwick*, 221 Cal. App. 3d 86, 95 (1990) (noting that communications to child protective and law enforcement agencies after the report of child abuse receive absolute immunity as "authorized" reports under § 11172(a)). Moreover, restatements or republications of the initial protected report are immunized. *See James W. v. Super. Ct.*, 17 Cal. App. 4th 246, 255-56 (1993) (holding that "[i]t would be anomalous to construe the Act as absolutely immunizing the 'required' initial report and yet construe later republications of the same statements as exposing the reporter to civil liability").

Plaintiffs again argue that their facts are analogous to that in *James W.* and, because the facts of *Ferraro, Storch,* and *Stecks* are distinguishable, the holdings of those cases should not apply. As this court held in its January 3, 2007 Order, the facts alleged in the present action are clearly distinguishable from those in *James W.* Moreover, although the specific facts in *Ferraro*, *Storch*, and *Stecks* may differ from those in the present action, the holdings of those cases set forth the applicable immunity standards to be applied here.

**B.     Violation of the ADA and § 504 of the Rehabilitation Act**

Defendants argue that plaintiffs' claims under the ADA and § 504 of the Rehabilitation Act must be dismissed either on the basis that plaintiffs have failed to exhaust administrative remedies or that such claims are barred by § 11172. Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Whether exhaustion is required for this section of the ADA is governed by the same regulations as for the Rehabilitation Act, 29 U.S.C. § 794:

> The remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging

---

[2] Plaintiffs argue that the report of abuse was not a collaborative event and therefore, the defendants who purportedly did not participate in the initial report are not immunized. However, plaintiffs offer no facts supporting their conclusory allegation. This is insufficient to meet plaintiffs' burden to allege facts showing that § 11172 does not apply. To the extent plaintiffs argue that *Storch* or other cases cited by defendants do not represent good case law, *see* Pls.' Opp'n at 10:18-20; 14:10-16:7, plaintiffs have not cited any cases overruling or distinguishing *Storch* or other such cases.

1 discrimination on the basis of disability in violation of section 12132 of this title.
2 42 U.S.C. § 12133. Section 504 of the Rehabilitation Act "prohibits discrimination against the
3 disabled by recipients of federal funding, including private organizations." *Barnes v. Gorman*, 536
4 U.S. 181, 184-85 (2002); 29 U.S.C. § 794(b)(3).

5 Here, plaintiffs' ADA and § 504 claims are both predicated upon plaintiffs' allegation that
6 O.S. and S.W. are both individuals with disabilities who have been deprived of their rights under the
7 Individuals with Disabilities Education Act ("IDEA"). The IDEA is a "comprehensive educational
8 scheme, conferring on disabled students a substantive right to public education and providing
9 financial assistance to enable states to meet their educational needs." *Hoeft v. Tucson Unified*
10 *School Dist.*, 967 F.2d 1298, 1300 (9th Cir. 1992). The federal government conditions funds upon
11 state compliance with IDEA's substantive and procedural requirements and requires states to "have
12 in effect 'a policy that assures all children with disabilities the right to a free appropriate public
13 education.'" *Id.* (quoting 20 U.S.C. § 1412(1)). Parents and school officials work together to
14 determine the appropriate education plan for the child, ultimately formulating an individualized
15 education program ("IEP") tailored to the child's unique needs. *Id.*

16 The IDEA requires states to provide procedural safeguards to allow parents to seek review of
17 decisions affecting their child, including a due process hearing and the right to sue in state or federal
18 court:

> [T]he IDEA requires that states guarantee parents the right to seek review of any decisions concerning their child's education which they consider inappropriate. This right includes an opportunity to bring complaints about "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." § 1415(b)(1)(E). The preliminary forum for parent complaints is an "impartial due process hearing" conducted by the local school district or by the state. § 1415(b)(2). If the hearing is conducted by the local school district, the parents may appeal the decision to the state educational agency. § 1415(c). Parents dissatisfied by the state's decision may appeal by filing a civil action in federal or state court. § 1415(e)(2).

*Id.* In general, the decision of the state agency after hearing is final unless the decision is appealed by one of the parties. 20 U.S.C. § 1415(i)(1). The IDEA provides a right to bring civil action in state or federal court by "[a]ny party aggrieved by the findings and decision" made by the local school district or by the state educational agency. 20 U.S.C. § 1415(i)(2). In California, the

*United States District Court*
*For the Northern District of California*

enactment of legislation in compliance with IDEA is set forth in Cal. Educ. Code § 56000 *et seq.* and the procedural safeguards are set forth in Cal. Educ. Code § 56500 *et seq.*  Section 56505(5) provides that the agency's decision may be appealed to state or federal court within 90 days of receipt of the hearing decision.

### 1. Exhaustion Requirement

Here, citing a Seventh Circuit case and a Third Circuit case, plaintiffs argue that exhaustion is not required.  However, plaintiffs cite no Ninth Circuit law to support this proposition.  Rather, under Ninth Circuit law, "[t]he IDEA requires a plaintiff to exhaust his or her administrative remedies before commencing suit if that person 'is seeking relief that is also available under' the IDEA."  *Robb v. Bethel School Dist.*, 308 F.3d 1047, 1049 (9th Cir. 2002).[3]  As the Ninth Circuit has recognized, "[e]xhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children."  *Hoeft*, 967 F.2d at 1303.  Here, plaintiffs sought a due process hearing with respect to the education plan decisions for O.S..  The complaint was initially dismissed on February 7, 2006 and dismissed upon reconsideration on February 21, 2006.  Defs.' Request for Judicial Notice Supp. Mot. Dismiss ("Defs.' RJN"), Exs. I, J.  Defendants argue that because plaintiffs did not file the present action until June 29, 2006, any appeal of the agency decisions is untimely and, therefore, barred.  In addition, plaintiffs never sought an administrative hearing for S.W..  Defendants submit, to the extent plaintiffs asserts claims pursuant to § 504 outside of their administrative claim, such claims are barred for failure to first exhaust administrative remedies.  Plaintiffs do not dispute that they have not exhausted the administrative requirements.  Instead, plaintiffs argue that even if there is an exhaustion requirement, the IDEA does not provide adequate remedy to them.

---

[3] Moreover, the Ninth Circuit has expressly distinguished its interpretations of the IDEA's exhaustion requirements from the interpretations by the Third Circuit.  *See Robb*, 308 F.3d at 1049.

ORDER GRANTING IN PART AND DENYING IN PART SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-06-04029 RMW
SPT                                                                       8

### 2. Exceptions to Exhaustion Requirement

The Ninth Circuit has recognized that there are exceptions to the exhaustion requirements, including complaints that: "(1) it would be futile to use the due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies (e.g., the hearing officer lacks the authority to grant the relief sought)." *Id.* (citing H.R. Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)). According to plaintiffs' complaint, defendants violated the ADA and § 504 because between 2003 through at least October 2005 defendants "intentionally interfered with the ability of O.S.'s parents . . . to engage in authorized conduct to ensure the School District complied with the Individual Educational Plan to which O.S. was lawfully entitled and required due to her disability." SAC ¶ 234. Defendants Pruitt, Real, Harms, and Blodgett "personally or directed others to question the validity of O.S.'s disability and special needs without any reasonable basis" thereby resulting in the "failure to provide the educational resources, supportive environment or other actions needed for O.S. to participate in her educational process." *Id.*

Plaintiffs further allege that defendants harassed O.S. by berating her for involuntary conduct caused by her disability and tried to influence her to state that her father had sexually abused her. *Id.* The defendants also purportedly provided "false information and testimony" to the court for the purpose of concealing their alleged harassment and discrimination, retaliated against O.S. and her parents by fabricating a report of sexual abuse, and retaliated against O.S.'s parents by terminating special education services for her brother S.W.. *Id.* ¶¶ 236-37.

In *Hoeft*, 967 F.2d at 1305, one of the plaintiffs' contentions was that the school district's policy involving student eligibility for an extended year program for special needs students and the methodology used by the district to determine which disabled students received extended year programming violated the IDEA. The Ninth Circuit concluded that "[e]ligibility criteria and methodology are classic examples of the kind of technical questions of educational policy best resolved with the benefit of agency expertise and a fully developed administrative record." *Id.* Because the issue involved a fact-specific inquiry into the operation of the school district's policy in

1  an individual child's case rather than a purely legal issue, the court declined to agree that the
2  exhaustion requirement should be waived. *Id.* at 1306. Likewise, the court concluded that a
3  challenge to the educational content of a program as violative of the IDEA is a "technical question
4  of educational policy and methodology," that "must await preliminary administrative review before
5  being addressed by the federal courts." *Id.* Here, plaintiffs' allegations, although not entirely clear,
6  appear to challenge conduct by the school district in determining the proper IEP for O.S. and her
7  particular disability and special needs. Such conduct included interfering with O.S.'s parents'
8  opinion of the proper educational needs for O.S.. As in *Hoeft*, such alleged conduct involves
9  decisions of eligibility and the methodology a school district uses to address an individual's
10 educational needs under its policies, to which the exhaustion requirement applies.

11     Plaintiffs also submit that the third exception applies because plaintiffs' action seeks damages
12 for past emotional abuse and violation of rights and, therefore, it is improbable that adequate relief
13 can be obtained by pursuing administrative remedies. In *Robb*, the Ninth Circuit addressed this
14 exact issue—that is, whether a plaintiff who seeks only monetary damages is required to exhaust
15 administrative remedies before instituting a claim predicated on violation of the IDEA.[4] There, the
16 plaintiffs' daughter had been diagnosed with cerebral palsy. *Id.* at 1048. The school district's
17 teachers had purportedly removed the child from the classroom for "peer tutoring" without
18 supervision by a certified teacher. *Id.* The plaintiffs sought money to compensate them for "lost
19 educational opportunities" and "emotional distress, humiliation, embarrassment, and psychological
20 injury." *Id.* at 1050. They argued that because they sought only monetary damages—which is not a
21 remedy under the IDEA—that the exhaustion requirement is excused. The Ninth Circuit disagreed.
22 Specifically, rejecting the holding of the Third Circuit and adopting a holding consistent with the
23 First, Sixth, Seventh, Tenth, and Eleventh Circuits, the court held that "a plaintiff cannot avoid the
24 IDEA's exhaustion requirement merely by limiting a prayer for relief to monetary damages." *Id.* at
25 1049.

---

28  [4] In *Robb*, the plaintiffs asserted a claim under 42 U.S.C. § 1983 predicated on a violation of the IDEA. 308 F.3d at 1048.

ORDER GRANTING IN PART AND DENYING IN PART SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-06-04029 RMW
SPT                                            10

1    The *Robb* court reasoned that the focus of the inquiry is not on the relief sought, but on the source and nature of the alleged injuries. Thus, "[t]he dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies." *Id.* at 1050. Because the alleged injuries were essentially the loss of self-esteem and decline in progress of the child, the court determined that the IDEA's remedies, which included requiring a school district to provide developmental, corrective, and other supportive and therapeutic services, were sufficient to address the alleged injuries. *Id.* In particular, 34 C.F.R. § 300.24(b)(9)(v) provides that services include psychological counseling for the parents as well as the child. *Id.* The court finds that the reasoning in *Robb* is equally applicable here. As noted above, plaintiffs' alleged injuries are essentially that O.S. was denied the requisite educational programs that her parents felt were appropriate for her disability and that the School District defendants questioned the validity of her disability resulting in a failure to provide the proper educational resources. These are the types of injuries that the IDEA can remedy through the required developmental, corrective, supportive, and therapeutic services. Further, that there might be some residual harm that may not be fully remedied by the services Congress specified in the IDEA is not sufficient basis for waiving the exhaustion requirement. *Id.*

Plaintiffs distinguish *Robb* by arguing that the *Robb* court dealt with "damages to be measured by the cost of remedial educational services." However, the *Robb* court's decision is not as narrow as plaintiffs contend. The *Robb* court specifically held that the dispositive question is whether the IDEA could redress *to any degree* the alleged injuries. *Id.* at 1050. Neither are the facts in *Robb* distinguishable in the manner plaintiffs suggest. As discussed above, the facts in *Robb* are that types of services provided for under the IDEA can remedy to some extent the alleged injuries caused by the denial of classroom participation to the plaintiffs' daughter and the removal of her to peer tutoring without supervision of a certified teacher.

Finally, plaintiffs attempt to rely upon *Witte v. Clark County School Dist.*, 197 F.3d 1271 (9th Cir. 1999), for the proposition that "a plaintiff seeking monetary relief for alleged past physical and emotional abuse by school staff was not required to exhaust administrative remedies under the IDEA." Pls.' Opp'n at 19:23-25. As made clear in *Robb*, such reliance upon *Witte*, takes the holding

ORDER GRANTING IN PART AND DENYING IN PART SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-06-04029 RMW
SPT                                                                11

1  of *Witte* out of context. *Robb*, 308 F.3d at 1051-52. In *Witte*, the court held that exhaustion was not
2  required because the plaintiff sought only monetary damages *and* because all educational issues
3  already had been resolved to the parties' mutual satisfaction through the IEP process prior to filing
4  suit. 197 F.3d at 1275-76; *Robb*, 308 F.3d at 1051-52. In other words, because the plaintiff had
5  already utilized administrative procedures to secure remedies available under the IDEA, it was
6  permitted to proceed with its civil action for retrospective damages associated with residual harm
7  not remedied by the IDEA. *Blanchard v. Morton School District*, upon which plaintiffs also rely,
8  similarly held that exhaustion was not required for an emotional distress claim *after* all educational
9  issues had been administratively resolved. 420 F.3d 918, 921-22 (9th Cir. 2005).

10       Under *Witte*, there may be an exception to exhaustion where the injuries alleged are past
11 physical injuries. In *Witte*, these injuries included teachers force feeding a ten year old boy with
12 Tourette's syndrome oatmeal even though he was allergic to it, strangling him to the extent that he
13 had to be taken to the emergency room, tackling and holding him to the ground repeatedly, forcing
14 him to run on a treadmill at high speeds with weights strapped to his ankles, depriving him of meals,
15 spraying him in the face with water, and leaving him on the patio without food or water. 197 F.3d at
16 1273. The court reasoned that because the source and nature of these injuries were not educational,
17 but rather because plaintiff made noise in the classroom, could not run fast enough, could not stay on
18 task, could not cut his food, and made involuntary movements all due to his disabilities, the
19 exhaustion requirement did not apply. Here, the only allegation that might be considered a non-
20 educational injury is that "Real and Harms specifically engaged in harassing and demeaning conduct
21 towards O.S.. This included amongst others of verbally abusing O.S. in front of other pupils for her
22 involuntary conduct caused by her disability." SAC ¶ 234. However, unlike the facts in *Witte*, there
23 is no allegation of physical injury, or at least of injury that cannot be remedied by the services
24 available under the IDEA. Moreover, as noted above, plaintiffs' allegations appear to be premised
25 on the ultimate failure of the school district to provide O.S. (and S.W.) with an appropriate IEP.
26 Thus, the court dismisses plaintiffs' ADA and § 504 claims for failure to exhaust to the extent the
27 claims are premised on violations of the IDEA. This dismissal is without prejudice to allegations of
28 discrimination that are not premised on violations of the IDEA.

### C. Intentional Infliction of Emotional Distress

Defendants argue that plaintiffs' claim for intentional infliction of emotional distress should be dismissed for failure to exhaust or as barred by § 11172. In support of this claim, plaintiffs allege the same conduct by defendants as alleged in support of their ADA and § 504 claim. In addition, plaintiffs allege that defendants undertook to engage O.S. in certain unauthorized testing and assessment for the purpose of concealing defendants' purported harassment and discrimination and which led ultimately to the filing of the dependency petition before the juvenile court and the removal of O.S., S.W., and R.W. from their parents. SAC ¶¶ 245-53. To the extent plaintiffs' allegations rely upon the same allegations as asserted for their ADA and § 504 claims, their claim is barred by the failure to exhaust under the IDEA as discussed in *supra* § B. To the extent plaintiffs' allegations assert defendants' conduct leading up to the reporting of abuse by mandatory reporters, plaintiffs' claim is barred by § 11172 as discussed in *supra* § A and this court's January 3, 2007 Order.

### D. Section 1983 Claim

Plaintiffs' twenty-second claim for "Civil Conspiracy—Oppressive Governmental Conduct Deprivation of Substantive Due Process Rights" are directed at all defendants. Plaintiffs allege that each defendant played a role and acted in concert to deprive plaintiffs of their familial relations through a false accusation of sexual abuse unsupported by physical evidence. SAC ¶¶ 294-305. In their twenty-second claim, plaintiffs make no specific allegations directed at conduct by the School District defendants; thus, the only conduct alleged against the School District defendants are those incorporated from the prior claims. To the extent plaintiffs' allegations rely upon the same allegations as asserted for their ADA and § 504 claims, their claim is barred by the failure to exhaust under the IDEA as discussed in *supra* § B.

Plaintiffs argue that *Martinez v. California*, 444 U.S. 277 (1980), and *Good v. Dauphin County Social Servs. for Children and Youth*, 891 F.2d 1087 (3d Cir. 1989), support the proposition that § 11172 cannot bar their § 1983 claim. The court agrees that a state statute cannot immunize an entity or an individual from violations of federal law. In *Martinez*, the Supreme Court stated, "even if one characterizes the immunity defense as a statutory deprivation, it would remain true that the

ORDER GRANTING IN PART AND DENYING IN PART SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-06-04029 RMW
SPT                                              13

1 State's interest in fashioning its own rules of tort law is paramount to any discernible federal interest, 2 except perhaps an interest in protecting the individual citizen from state action that is wholly 3 arbitrary or irrational." 44 U.S. at 282. In *Good*, the Third Circuit explained, "[t]he supremacy 4 clause of the Constitution prevents a state from immunizing entities or individuals alleged to have 5 violated federal law." 891 F.2d at 1091. Similarly, the Ninth Circuit has held "state law cannot 6 provide immunity from suit for federal civil rights violations." *Wallis v. Spencer*, 202 F.3d 1126, 7 1143-44 (9th Cir. 2000). Defendants argue that the Ninth Circuit's unpublished decision, *Wallis v.* 8 *Spencer*, 1996 U.S. App. LEXIS 18536 (1996), indicates that a defendant in that case was dismissed 9 from the asserted § 1983 claim because he was a mandatory reporter. As defendants concede, this 10 court cannot rely upon the unpublished opinion as precedent. Under the published *Wallis* case, it 11 appears that § 11172 cannot bar plaintiffs' § 1983 claim.

12 However, while the court does not dismiss plaintiffs' § 1983 claim on the basis of § 11172 13 immunity, the court's order does not reach whether plaintiffs' allegations are sufficient to support a 14 § 1983 claim as defendants did not seek dismissal of plaintiffs' claim on such grounds. As noted 15 above, plaintiffs' allegations in support of their twenty-second claim are vague and do not assert any 16 specific conduct against defendants.

17 **E.    Leave to Amend**

18 Plaintiffs request leave to amend should the court find their pleadings insufficient. Fed. R. 19 Civ. P. 15(a)'s edict that "leave shall be freely given when justice so requires" is "to be applied with 20 extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) 21 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations 22 omitted)). However, "a district court need not grant leave to amend where the amendment: (1) 23 prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or 24 (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 2006 WL 709199, *3 (9th Cir. 2006) 25 (citations omitted) (certified for publication); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

26 Defendants seek dismissal with prejudice. As the court noted in its January 3, 2007 Order, 27 dismissal with prejudice is appropriate if plaintiffs' claims are barred by § 11172(a). In the January 28 3, 2007 Order, the court granted leave to amend and ordered that plaintiffs adequately plead (1) facts

showing that defendants are not mandatory reporters within the meaning of The Child Abuse and Neglect Reporting Act as suggested by the amended complaint or (2) specific statements or conduct by defendants that fall outside the purview of the immunity provided by § 11172(a) as interpreted by the *Ferraro* court.  Specifically, the court provided that absent such pleadings, plaintiffs' complaint would be dismissed with prejudice as to the School District defendants.  Because plaintiffs have pleaded facts suggesting that § 11172 does apply to the School District defendants and failed to plead facts showing that it does not apply, their claims based upon the report of abuse are dismissed with prejudice.

In addition, to the extent plaintiffs' claims are barred by the failure to exhaust administrative remedies under the IDEA, those claims are dismissed with prejudice.  However, because plaintiffs could still base their ADA, § 504, and intentional infliction of emotional distress claims on alleged conduct outside of the IDEA or the report of abuse, their sixteenth and seventeenth claims are dismissed without prejudice.

### III.  ORDER

For the foregoing reasons, the court grants in part and denies in part the School District defendants' motion as follows:

1. Defendants' motion to dismiss as to plaintiffs' fifteenth claim for a violation of public policy is granted with prejudice;
2. Defendants' motion to dismiss as to plaintiffs' sixteenth claim for violation of the Americans with Disability Act and the Rehabilitation Act and seventeenth claim for intentional infliction of emotional distress is granted without prejudice;
3. Defendants' motion to dismiss the twenty-second claim is denied; and
4. Plaintiffs have twenty calendar days from the date of this order to amend their complaint.

DATED:      8/27/07

RONALD M. WHYTE  
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Peter J. Johnson                jjlaw2@earthlink.net

**Counsel for Defendants:**

Jacquelyn Kimmet Wilson    jkw@swr-law.com
Clifford S. Greenberg        cao.main@ci.sj.ca.us
Melissa R. Kiniyalocts       melissa.kiniyalocts@cco.co.scl.ca.us

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   8/27/07                                            SPT
                                                                                  **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-06-04029 RMW
SPT                                                      16