**E-filed on:** 3/26/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, RENEE STALKER, PAM STALKER as Guardian *Ad Litem* for O.S., S.W, and R.W., minors,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SANTA CLARA, *et al.,*<br><br>　　　　Defendants. | No. C-06-04029 RMW<br><br>ORDER GRANTING AND DENYING MOTIONS TO DISMISS<br><br>**[Re Docket Nos. 140, 147, 150, 153, 156]** |

On December 6, 2008, the plaintiffs filed their fourth amended complaint comprising 99 pages of allegations and 25 claims for relief. Docket No. 139 (Dec. 6, 2008) ("FAC"). The defendants – various public entities and employees – move to dismiss portions of the complaint. The court has reviewed the papers and considered the arguments of counsel. The court and the parties are familiar with the voluminous allegations, and the court does not recite them here. *See* Docket Nos. 28, 108 (prior orders on motions to dismiss). For the following reasons, the court partially grants the motion to dismiss.

### 1.     Claims Against Cindi Thompson and Linda Baum

Defendants Cindi Thompson and Linda Baum are social workers with the Santa Clara County Department of Family and Children Services. FAC ¶¶ 33, 36. Based on the allegations

about their roles in the series of events underlying the plaintiffs' complaint, Thompson and Baum are minor actors.

In late June of 2005, Thompson allegedly made the decision to take O.S. into protective custody without considering alternatives. *Id.* ¶¶ 150, 154. At that time, Thompson made demands to the attorneys for Tracy Watson and Renee Stalker to speak with Watson and Stalker. *Id.* ¶ 152.

It is not clear when Baum's role in the alleged conspiracy began. The plaintiffs allege that Baum made "efforts" to delay the reunification of the Watson family. *Id.* ¶ 163. They next assert that the attorney appointed to represent the children "engaged in a joint effort and conspiracy" with Baum to thwart the return of the children. *Id.* ¶ 165. They mention in passing Baum's involvement in a conspiracy in a few other places. *Id.* ¶¶ 225, 237, 247. But Baum's first alleged act was to seek court-ordered psychological testing of Tracy Watson. *Id.* ¶ 249. Baum also allegedly "continued to minimize the parents [sic] visitation and relationship with their children and continued to refuse to return the children to their parents." *Id.* ¶ 251. In late 2006, Baum recommended to the juvenile court that the children be made long-term wards of the court and placed in foster care. *Id.* ¶ 252. Baum then allegedly confessed to another social worker that she was convinced that Tracy Watson had abused the children and was delaying the return of the children while hoping to uncover evidence to prove it. *Id.* ¶¶ 259-265.

Thompson and Baum move to dismiss on the grounds that the statute of limitations has run, as they were not sued until being named in the fourth amended complaint on December 6, 2008. The parties appear to agree that the applicable statute of limitations is two years. The plaintiffs argue that the statute should be tolled because they could not have discovered their claims against Thompson and Baum.

As to Thompson, this contention lacks merit. The only claims against Thompson arise from the allegedly unlawful removal of the children in 2005. It is not relevant that the plaintiffs were ignorant of any role Thompson played in the removal; what matters is that they had knowledge of the harm – the removal of the children.

As to Baum, the plaintiffs' argument also fails. The claims against Baum are that she engaged in a conspiracy to keep the children away from their parents (and tag-along claims for

ORDER GRANTING AND DENYING MOTIONS TO DISMISS
No. C-06-04029 RMW
TSF            2

emotional distress arising from this conspiracy). The plaintiffs contend that they could not have discovered Baum's role in a conspiracy until December 12, 2006 (six days less than two years before the fourth amended complaint was filed adding Baum), when plaintiffs' counsel obtained a copy of a log of communications between the social workers that might have revealed Baum's alleged meddling. But December 12, 2006 is the first date on which Baum's role was explicitly clear from documents given to plaintiffs' counsel. A claim accrues and the statute of limitations begins to run, however, when a reasonable person has cause to *suspect* that he or she has a claim. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971-72 (9th Cir. 2002) (explaining California law regarding the discovery rule). And the plaintiffs had reason to suspect Baum's alleged role long before December 6, 2006 (the critical date given their December 6, 2008 fourth amended complaint). As alleged, all of Baum's wrongful conduct occurred before December of 2006  In the summer of 2006, Baum allegedly "minimized" the parents' visitations and "continued to refuse to return the children to their parents." FAC ¶ 251. In November 2006, Baum testified in juvenile proceedings in furtherance of the alleged conspiracy. *Id.* ¶ 252. Both of these series of acts by Baum occurred before December of 2006 and would have led a reasonable person to suspect (and begin to investigate) the existence of a claim against Baum.

The plaintiffs' attempt to invoke Rule 15(c) to relate the allegations against Baum and Thompson back to June 29, 2006, the date of the filing of the original complaint. As the plaintiffs tacitly recognize ("While the rules of relation back may not technically apply . . . ." Opp'n at 5:5), this argument has no merit because the plaintiffs did not make a mistake as to the defendants' identities; they simply failed to conduct a full and timely investigation. *Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434-35 (9th Cir. 1993) ("There was no mistake of identity, but rather a conscious choice of whom to sue."). In other words, the plaintiffs do not identify any defendant that they mistakenly sued meaning to sue Baum or Thompson. They merely wish to add Baum and Thompson to the list of defendants, but Rule 15(c) does not permit this.

Finally, the plaintiffs cannot rely on California law tolling statutes of limitation during a child's minority. *See, e.g.,* Cal. Civ. Proc. Code § 352. Once a child files suit, the statutory tolling period ends. *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002) ("[T]he limitations period

ORDER GRANTING AND DENYING MOTIONS TO DISMISS
No. C-06-04029 RMW
TSF                                                     3

for the four minor children's claims was tolled until they reached the age of majority or filed suit."). The three minor children in this case sued on June 29, 2006, ending any statutory tolling related to these claims.

Accordingly, the court grants the motion to dismiss as to Thompson and Baum.

**2.     The Sixth and Twenty-Third Claims for Relief Against the County Defendants**

The plaintiffs' sixth claim for relief alleges a conspiracy to deprive the plaintiffs of their rights in violation of 42 U.S.C. §§ 1983 and 1985(3). *See* FAC ¶¶ 284-85. The twenty-third claim for relief alleges a conspiracy in violation of 42 U.S.C. §§ 1983 and 1986. The defendants named in the claim move to dismiss for reasons distinct to each statute.

As to section 1985(3), the defendants argue that the plaintiffs do not allege that any conspiracy was motivated by some racial animus. The plaintiffs effectively concede that they do not allege that the conspiracy arose from racial animus, but that they meant to allege a claim under 42 U.S.C. § 1985(2), and that no such allegation is required under that section. The plaintiffs are wrong. The only portion of section 1985(2) relevant to this case (the paragraph directed at interference with state courts) requires "an allegation of class-based animus" as well. *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985). At this point, the plaintiffs have had ample opportunity to make a short and plain statement of their claims. The sixth claim pursuant to section 1985 is therefore dismissed with prejudice.

Section 1986 imposes liability on all persons with knowledge of impending events unlawful under section 1985 and the power to have stopped those events. 42 U.S.C. § 1986. Where plaintiffs do not plead claims under 1985, their section 1986 claims fail as well. *Dooley v. Reiss*, 736 F.2d 1392, 1396-96 (9th Cir. 1984).

As to section 1983, the plaintiffs allege a conspiracy to deprive them of their substantive due process right to familial association. The defendants move to dismiss this portion of the claim arguing that the plaintiffs do not adequately allege the "meeting of the minds" necessary for a conspiracy, i.e., "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997); *but see Jones v. Tozzi*, 2006 WL 2472752, *12-*13 (E.D. Cal. Aug. 24, 2006) (suggesting that

ORDER GRANTING AND DENYING MOTIONS TO DISMISS
No. C-06-04029 RMW
TSF                                                                 4

*Harris*'s heightened pleading standard for conspiracy is inconsistent with various precedents).  Of course, as one would expect when dealing with conspiracy, even a heightened pleading standard does not require the plaintiff to allege "which [defendant] said or did what which particular time."  *Id.*

Beyond asserting that the plaintiffs have not pled a conspiracy, the defendants do not show that the complaint is deficient.  The plaintiffs' argument in opposition is no better.  It consists of the following: "Various paragraphs from the complaint are set forth below:"  Opp'n at 10:20.  The plaintiffs then quote disjointed paragraphs of the complaint for fourteen pages, and conclude with "[t]he plaintiffs have sufficiently set for the specific facts supporting the conspiracy allegations."  Opp'n at 24:9.  This style of brief writing does not assist the court.  Only in reply do the defendants begin to identify specific deficiencies in the complaint's allegations of specific defendants' involvement in an alleged conspiracy, for example, that one social worker "went on vacation" and "stopped working on the matter" prior to the removal of the children.

The defendants bear the burden of showing that their motion to dismiss should be granted.  They have not done so with respect to the conspiracy claim under section 1983.  Given the state of the proceedings and the near-completion of discovery, the defendants' arguments (first clearly raised in their reply) are properly brought as targeted summary judgment motions.  The motion to dismiss is therefore denied as to section 1983.

### 3. **Claims Against Gary Kishimoto and Claudia Blodgett**

Defendants Gary Kishimoto and Claudia Blodgett are employees of the Evergreen School District.  FAC ¶¶ 51-52.  They move to dismiss all of the claims against them.  The plaintiffs' opposition states that "the Plaintiffs' [sic] intend to file a request for dismissal as to parties Gary Kishimoto and Claudia Blodgett.  As such there is no need for the Court to consider whether any claims have been stated against those parties."  Opp'n at 1:18-20.  Notwithstanding this statement, the plaintiffs have not yet filed a request for dismissal of the claims against Kishimoto and Blodgett.  The court interprets this statement as a notice of non-opposition, and the court grants the motions to dismiss with prejudice based on the failure to oppose them.  *See* Civil L.R. 7-3(a)-(b).

### 4. **The Remaining Evergreen Defendants' Motions**

1      The remaining Evergreen defendants – Rose Real, Cheryl Harms, and Robert Pruitt – are
named in at most three claims.[1] Claim 17 alleges violations by all three of them of the Americans
with Disabilities Act based on how the Evergreen defendants handled O.S.'s behavior at school.
FAC ¶¶ 319-25. Claim 18 alleges that Harms and Real intentionally inflicted emotional distress on
O.S. by embarrassing her in front of her class mates. *Id.* ¶¶ 326-27. Claim 23 includes the
Evergreen defendants in the overall conspiracy to deprive the plaintiffs of their constitutional right
to familial association. The Evergreen defendants move to dismiss all three claims.

As to claim 17, the court previously dismissed the claim without prejudice because it was
premised on violations of the Individuals with Disability Education Act. Docket No. 108 at 12, 15.
The plaintiffs repleaded the claim and oppose the motion, arguing that "the balance of the claim is
no less stated than when the previous motion to dismiss against the claim was denied." Opp'n at 3:4-7. The plaintiffs misrepresent the court's prior order and provide no basis for opposing the
defendants' motion. As previously stated, the claim premised on the verbal abuse of O.S. was
dismissed because of the plaintiffs' failure to exhaust under IDEA. The court now dismisses the
claim with prejudice.

As to claim 18, the plaintiffs again oppose the motion by arguing that "[t]he claim is
premised on the conduct that has previously been held sufficient against the motion to dismiss filed
by the defendants subject to the . . . 8/27/07 Court Order[.]" But the court previously dismissed the
intentional infliction of emotional distress claim. The plaintiffs have added nothing beyond the
alleged conduct that is subject to their failure to exhaust, and therefore the claim is dismissed with
prejudice.

As to claim 23, the claims under section 1986 fail as discussed above. The remaining
question is whether the plaintiffs adequately allege any participation by Real, Harms, or Pruitt in the
conspiracy to remove the children from their family. As before, the plaintiffs dump the same 14
pages of excerpts into their opposition without explanation. In total, two of the paragraphs contain
allegations directed at the Evergreen defendants. Those paragraphs allege that Real, Harms, and

---

[1] The plaintiffs name the Evergreen School District in the caption of the complaint, but do not assert any claims against it. It is dismissed with prejudice.

ORDER GRANTING AND DENYING MOTIONS TO DISMISS
No. C-06-04029 RMW
TSF                                                             6

1  Pruitt testified falsely in juvenile court proceedings at the direction of two of the county defendants
2  to aid in removing the children from their parents and that Real fabricated documents to mislead the
3  juvenile court. *See* FAC ¶¶ 83, 84. The substance of these allegations is meager, but at this stage in
4  the proceedings, the allegations suffice to plead the role of the three remaining Evergreen defendants
5  in a conspiracy with the county defendants to remove the children by testifying falsely before the
6  juvenile court.

## ORDER

For the foregoing reasons, the court grants and denies the motions to dismiss as follows:

1. The claims against Gary Kishimoto and Claudia Blodgett are dismissed with prejudice.
2. The claims against the Evergreen School District are dismissed with prejudice.
3. Claims 17 and 18 are dismissed with prejudice.
4. The portion of claim 23 based on section 1986 is dismissed with prejudice. The portion of claim 23 based on section 1983 is not.
5. The portion of claim 6 based on section 1985 is dismissed with prejudice. The portion of claim 23 based on section 1983 is not.
6. The claims against Cindi Thompson and Linda Baum are dismissed with prejudice.

DATED:     3/23/2009

_____
RONALD M. WHYTE
United States District Judge

ORDER GRANTING AND DENYING MOTIONS TO DISMISS
No. C-06-04029 RMW
TSF                                                                7

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Dennis R. Ingols | dingols@rrpassociates.com |
| Peter J. Johnson | jjlaw2@earthlink.net |
| Robert Ross Powell | rpowell@rrpassociates.com |

**Counsel for Defendants:**

| | |
|---|---|
| Jacquelyn Kimmet Wilson | jkw@swr-law.com |
| Clifford S. Greenberg | cao.main@ci.sj.ca.us |
| Melissa R. Kiniyalocts | melissa.kiniyalocts@cco.co.scl.ca.us |
| David Michael Rollo | david.rollo@cco.sccgov.org |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    3/26/09                                         TER
                                                    **Chambers of Judge Whyte**

ORDER GRANTING AND DENYING MOTIONS TO DISMISS
No. C-06-04029 RMW
TSF                                                                8