E-filed on:   7/26/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF SANTA CLARA, *et al.,*<br><br>　　　　Defendants. | No. C-06-04029 RMW<br><br>ORDER GRANTING DEFENDANT SINGH'S MOTION FOR ENTRY OF JUDGMENT AND DENYING PLAINTIFFS' MOTION TO DISMISS<br><br>**[Re Docket Nos. 362 and 366]** |

　　　　On July 23, 2010, the court heard defendant Rima Singh's motion for entry of judgment pursuant to Rule 54(b) and plaintiffs' motion for leave to voluntarily dismiss the claims against defendant Singh. The parties oppose each other's motion. For good cause appearing, defendant Singh's motion is granted and plaintiffs' motion is denied.

　　　　The court granted defendant Singh's motion for summary judgment on May 20, 2010. The motion was unopposed. Although plaintiffs had stated during briefing related to the numerous motions for summary judgment that they intended to dismiss the claims against defendant Singh, and reiterated their intent at the summary judgment hearing itself, they never did so, even though the hearing occurred on December 9, 2009. It also appears that plaintiffs had sought to bargain Singh's dismissal in exchange for a stipulation regarding the briefing on other motions, yet withdrew their

1 offer to dismiss her when counsel declined the sought-for stipulation.  Plaintiffs' counsel's conduct
2 suggests they had no legitimate basis for a claim against defendant Singh.

3      Plaintiffs argue that the court should not grant entry of judgment in Singh's favor because
4 doing so would violate the spirit of Rule 54 and the fundamental federal policy disfavoring
5 piecemeal appeals.  Yet plaintiffs themselves are seeking dismissal of their claims against Singh, so
6 the policy of avoiding piecemeal appeals has no application here.

7      It may be that plaintiffs are motivated more by an attempt to avoid liability for the costs
8 Singh incurred in defense of this action.  *See* Plaintiffs' Proposed Order, Docket 366-2 (proposing
9 that each party to bear its own costs).  Defendant Singh, however, is entitled to recover her costs as
10 the prevailing party under Rule 54(d)(1), whether as a result of the dismissal of the claims against
11 her or as a result of summary judgment being entered in her favor.

12      The court has already granted defendant Singh's motion for summary judgment.  It is simply
13 too late for plaintiffs to now seek to dismiss the claims against Singh.  The court finds that there is
14 no just reason for delay and accordingly grants defendant Singh's motion for entry of judgment
15 under Rule 54(b).  Plaintiffs' motion to dismiss their claims against defendant Singh is denied.

17 DATED:     7/26/10

18                                     RONALD M. WHYTE
                                    United States District Judge

**United States District Court**
For the Northern District of California

ORDER GRANTING DEFENDANT SINGH'S MOTION FOR ENTRY OF JUDGMENT AND DENYING PLAINTIFFS' MOTION TO DISMISS- No. C-06-04029 RMW
TER                                                    2