**E-filed on:** 7/26/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, et al., | No. C-06-04029 RMW |
| Plaintiffs, | ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT |
| v. | |
| COUNTY OF SANTA CLARA, *et al.,* | **[Re Docket No. 365]** |
| Defendants. | |

On July 23, 2010, the court heard a motion for entry of judgment under Rule 54(b) by defendants Clifton Black, Rose Real, Robert Pruitt, Cheryl Harms, Claudia Blodgett, Gary Kishimoto, Joella Molloy and Evergreen Elementary School District (sued as Evergreen School District). For ease of reference, the court will refer to the moving defendants as the Evergreen defendants. Plaintiffs oppose the motion. For good cause appearing, the motion is granted.

This action generally arises out of the removal of three minor children from their parents' custody following a teacher's mandated report of suspected sexual abuse of one of the children and resulting state court juvenile dependency proceedings. Over the four years since this action was filed, the complaint was amended four times, claims were revised, certain defendants were dismissed and certain claims were dismissed with prejudice, and most recently, summary judgment was granted in defendants' favor on some of the remaining claims. At present, what remains in this

ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT- No. C-06-04029 RMW
TER

action are plaintiffs' claims arising out of the warrantless entry into their home, the warrantless seizure of the children, claims for legal malpractice and intentional infliction of emotional distress against Attorney West, and claims against defendants Letona and Ritter on the eighth claim for relief arising out of taking urethral cultures from two of the children outside the presence of their parents. Trial is scheduled to commence on November 1, 2010, but none of the remaining claims is asserted against any of the Evergreen defendants. Instead, plaintiffs' claims against the Evergreen defendants have been abandoned, dismissed with prejudice, or resolved in defendants' favor on summary judgment.

Plaintiffs argue that it would be inappropriate to enter judgment under Rule 54(b), raising the specter that entering judgment would inevitably lead to multiple appeals contrary to the interests of judicial administration. In particular, plaintiffs suggest that the "collateral estoppel issue" "cuts across all claims for the parties" and is one that "will certainly be appealed." Opposition at 3. In making this argument, however, plaintiffs gloss over the fact that the claims against the Evergreen defendants were in large measure not contested or were factually different from those remaining to be tried against other defendants. The following discussion explains the history of the claims against the Evergreen defendants:

Plaintiffs abandoned their claims against defendant Joella Molloy when, in response to the Evergreen defendants' motion to dismiss the First Amended Complaint, plaintiffs filed the Second Amended Complaint and omitted her as a defendant. Plaintiffs' proffered reason for opposing the present motion has no application to defendant Molloy.

Defendant Evergreen Elementary School District was dismissed by the court on March 26, 2009 after noting that no claims had been asserted against the School District even though it had been named as a defendant.

All claims against defendant Robert Pruitt except the twenty-third claim for relief for conspiracy to violate Section 1983 were dismissed with prejudice on March 26, 2009, and summary judgment was thereafter granted in Pruitt's favor on the remaining claim when plaintiffs did not oppose his motion for summary judgment. Similarly, the claims against defendants Claudia Blodgett and Gary Kishimoto were dismissed with prejudice on March 26, 2009 when plaintiffs did

ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT- No. C-06-04029 RMW
TER                                                                                           2

1  not oppose their motion to dismiss (and in fact, represented to the court that they intended to file
2  requests for dismissal of the claims against these defendants).

3        The claims against defendant Clifton Black were dismissed with prejudice on March 26,
4  2009, as were all claims against defendants Rose Real and Cheryl Harms except the twenty-third
5  claim for relief for conspiracy to violate Section 1983. That claim survived the motion to dismiss
6  because of the barely sufficient allegation that Real, Harms and Pruitt had testified falsely in the
7  juvenile court proceedings at the direction of two of the county defendants to aid in removing the
8  children from their parents and that Real fabricated documents to mislead the juvenile court, but the
9  claim did not survive summary judgment, which was granted in defendants' favor on May 20, 2010.

10       Thus, with the exception of the twenty-third claim for relief against Real and Harms, none of
11 the claims asserted against any of the Evergreen defendants implicates the "collateral estoppel" issue
12 alluded to by plaintiffs. Further, collateral estoppel was only one of three bases for summary
13 judgment.

14       Since all claims against the Evergreen defendants have been resolved in defendants' favor,
15 the claims to the extent the are appealable are generally distinct from the claims against the
16 remaining parties, and the Evergreen defendants understandably want to remove the cloud of the
17 lawsuit and avoid further costs and attorney's fees, no just reason exists for delay in entering final
18 judgment in favor of the Evergreen defendants. The court directs that final judgment be entered in
19 favor of the Evergreen defendants.

DATED:     7/26/10

RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT- No. C-06-04029 RMW
TER                                                         3