**E-FILED on** 11/24/2010

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>COUNTY OF SANTA CLARA, et al.<br><br>       Defendants. | No. C-06-04029 RMW<br><br>ORDER REGARDING MOTION FOR APPROVAL OF MINORS' COMPROMISE<br><br>**[Re Docket No. 415]** |

    On November 16, 2010, plaintiffs R.W., S.W., and O.S., by and through their guardian ad litem, Pam Stalker, moved for an order granting approval of the minors' compromise of claims against defendant County of Santa Clara County.  While the court recognizes that plaintiffs' quoted annuity rates are only valid until December 15, 2010, plaintiffs' motion lacks several pieces of information necessary for this court to analyze the reasonableness of the proposed compromise.

    A petition for approval of a minor's compromise must be verified and must fully disclose "all information that has any bearing upon the reasonableness of the compromise." Cal. Rule of Court 7.950.  Moreover, the court in which a minor's claims are being litigated has a duty to protect the minor's interests.  *See Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir.1983).  Accordingly, a court must independently investigate and evaluate any compromise or settlement of a minor's

claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem. *Id.*

In evaluating the fairness of a settlement of a minor's claim, federal courts generally are guided by state law. *See* Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Procedure Before Trial ¶ 15.138 at 15-48 (TRG 2010). In California, the law "bestows broad power on the court to authorize payment from the settlement-to say who and what will be paid from the minor's money . . . ." *Goldberg v. Superior Court*, 23 Cal.App.4th 1378, 1382, 28 Cal.Rptr.2d 613 (1994).

The court is satisfied based upon its knowledge of the case that the total settlement of $350,000 for all plaintiffs is reasonable. However, plaintiffs propose that Tracy Watson and Renee Stalker receive $211,751.75 of the proposed settlement while the minor plaintiffs receive only $70,000. The proposed distribution could very well be reasonable, but plaintiffs fail to provide any justification for the uneven division. Moreover, the proposed settlement grants each child a different amount: $10,000 for R.W., $15,000 for S.W., and $20,000 for O.S. Again, plaintiffs are silent as to why the settlement amounts vary among the minors.

Also, plaintiffs do not explain why O.S. and S.W. will receive lump sum payments at age 19, but R.W. will receive a lump sum payment at age 18. Accordingly, the court is unable to make a determination as to the reasonableness of a lump sum payout at age 19 as opposed to age 18, the statutory age of majority in California. *See* Cal. Fam. Code § 6501. The court also needs authority that allows needs authority that allows dispersal of the funds at a date later than the age of majority.

Finally, plaintiffs' counsel do not address Cal. Rule of Court 7.955, which requires the court to evaluate the reasonableness of the proposed attorneys' fees for services to a minor. In this case, plaintiffs' counsel request $25,000 or 35.7% of the minor plaintiffs portion of the net settlement figure.[1] The proposed fee may very well be reasonable, but the court lacks sufficient information to make that determination. Cal. Rule of Court 7.955 (b) lists fourteen factors that the court may consider in determining reasonable attorneys' fees, many of which are not discussed by plaintiffs'

---

[1] The court notes that prior to the amendment of Rule 7.955, the presumptively appropriate contingency fee for minors' compromises in Santa Clara County was 25%. *See* Super. Ct. of Santa Clara County, Local Rules, Probate Rule 13 F.

1 counsel. To be sure, plaintiffs' counsel do address some of these factors, including counsel's
2 experience, the nature of their contingency fee arrangements, costs advanced by counsel, and the
3 informed consent of the representatives of the minors. Plaintiffs' counsel also note several cases
4 where their contingency fee agreements have been approved by other federal courts. But plaintiffs'
5 counsel do not address the amount of the proposed attorneys' fees in proportion to the value of the
6 service performed, the novelty and difficulty of the questions involved, and the time and labor
7 required. Accordingly, for this court to properly evaluate the reasonableness of the proposed
8 attorneys' fees, plaintiffs' counsel must submit a declaration that addresses each applicable factor
9 listed in Cal. Rule of Court 7.955 (b).

10 In sum, the court declines at this time to issue an order approving the proposed compromise
11 of claims involving minor plaintiffs. However, the court recognizes that plaintiffs' quoted annuity
12 rates are only valid until December 15, 2010. Accordingly, the court will reevaluate the motion
13 upon receiving additional information regarding the justification for the proposed division among
14 the parties, the basis for distribution at age 19, and the reasonableness of $25,000 or 35.7% in
15 attorneys' fees.

20 DATED:   11/24/2010

RONALD M. WHYTE
United States District Judge