**E-filed on:** 3/7/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, RENEE STALKER, PAM STALKER as Guardian *Ad Litem* for O.S., S.W. and R.W., minors,<br><br>            Plaintiffs,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, *et al.,*<br><br>            Defendants. | No. C-06-04029 RMW<br><br>PRETRIAL ORDER NO. 1 |

   This action generally arises out of the removal of three minor children, O.S., S.W. and R.W. from the custody of their parents, Tracy Watson and Renee Stalker.  All claims have now been resolved by motion or settlement except for plaintiffs' claims under 42 U.S.C. § 1983 against San Jose police officers William Hoyt and Craig Blank and the City of San Jose.  Plaintiffs assert that Officers Hoyt and Blank illegally entered their home on June 29, 2005 without a warrant and seized S.W. and R.W.  Plaintiffs further allege that on June 30, 2005, Officer Blank took O.S. into custody without a warrant after she had been brought to the police station by her grandmother.  The plaintiff children claim that the officers did not have reason to believe that the children were in imminent danger of serious bodily injury and that their removal from their parents' custody violated their rights under the 4th Amendment to be free from unlawful seizure of their persons.  As a result of the

1  removals, all the plaintiffs allege that they were deprived without due process of law of their rights
2  under the 14th Amendment to live together without government interference.

3  Plaintiffs claim that the City of San Jose is liable, as well as the officers, because the City
4  failed to provide adequate training for its police officers on the legal requirements for removing
5  children from the custody of their parents without a warrant   This alleged lack of training resulted in
6  the children being removed despite the absence of circumstances giving the officers reasonable
7  cause to believe that any of the children was in imminent danger of abuse or serious bodily injury.

8  The current order addresses: (1) the scope of the claims the plaintiffs will be allowed to
9  assert; (2) phasing the trial so that liability is resolved before damages are considered; and (3) what
10  the jury will be instructed with respect to the scope of recoverable damages.

### I. Scope of Claims

The parties dispute whether plaintiffs should be allowed to assert a *Monell*[1] claim based upon the alleged failure of the City to train its officers that exigent circumstances must be present before entering a residence or removing children from their parents' custody based upon reports of child endangerment. Defendants assert that plaintiffs did not assert a *Monell* claim in their Fourth Amended Complaint, that they should not be granted leave to do so now and that they should not be allowed to pursue such a claim at trial.

The first attempt by plaintiffs to amend their Fourth Amended Complaint was in conjunction with the submission of their pretrial documents on September 29, 2010, despite the fact that the court pointed out in its May 20, 2010 order that plaintiffs' Fourth Amended Complaint did not assert a *Monell* claim. Order on Motions for Summary Judgment, Docket No. 360, at p. 20, note 5. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). During the four months following the issuance of the court's May 20 Order, counsel for plaintiffs did not question the court's statement nor attempt to rectify the omission of a *Monell* claim.

---

[1] *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

PRETRIAL ORDER NO. 1
No. C-06-04029 RMW
2

Plaintiffs argue that the *Monell* claim was pled in the Fourth Amended Complaint, that the defendants took discovery with respect to it, that plaintiffs did not intend to waive the claim and that allowing them to pursue it would not prejudice defendants.  Further, plaintiffs contend that their proof of the claim does not require expert testimony and that the evidence to establish the claim comes from the defendant officers themselves.

The court finds that the Fourth Amended Complaint as pled does not contain a *Monell* claim. The court further finds that plaintiffs have been dilatory in seeking relief from what they claim was at worst an inadvertent omission.  Nevertheless, the court finds that defendant City will not be prejudiced if the plaintiffs are allowed at this time to amend their complaint to assert a *Monell* claim and proceed with it at trial based upon the testimony of the defendant officers. Plaintiffs, however, will not be permitted to offer expert testimony because the City has not had an adequate opportunity to conduct discovery with respect to any such testimony and plaintiffs have represented that they do not need it.

## II.  Phasing of Trial to Determine Liability Before Considering Damages

The court believes that under the unusual circumstances of this case there is a substantial risk of prejudice to plaintiffs if liability and damages are tried together.  If the defendant police officers are found liable, they can be held responsible only for the removal of the children from their parents on June 29 and 30, 2005 and any damages flowing from the children being kept in protective custody up to the date of the detention hearing on July 5, 2005. At the detention hearing, the juvenile dependency court found that pending a jurisdictional/disposition hearing "continuance in the home of the parent . . . is contrary to the children's welfare."   The finding was based upon a dependency petition filed by the County of Santa Clara.  The court is concerned that the jury may not focus on the issue of whether the original removals were proper (i.e., whether exigent circumstances existed at the time of removal) if it learns that a court later found grounds for the removal of the children. On the other hand, if liability is found, to avoid prejudice to the officers, the jury needs to know that the officers cannot be held responsible for the continued detention of the children from their parents' custody after July 5, 2005.

PRETRIAL ORDER NO. 1
No. C-06-04029 RMW

3

The potential prejudice to the parties can be avoided by phasing the trial so that the jury determines liability before the issue of damages is tried. *See* Fed.R.Civ.P. 42(b). Therefore, the court will so phase the trial.

### III. Jury Instruction on the Scope of Recoverable Damages

If liability is found, the jury needs to be instructed on the measure of damages on the claims against the officers. Compensatory damages consist of the amount of money that will reasonably and fairly compensate plaintiffs for any injury that was caused by the officers' unconstitutional conduct. This would include damages resulting from the initial removal of the children and their separation from their parents up to July 5, 2005, the date on which the juvenile court determined, based upon the petition filed by the County, that "continuance in the home of the parent is contrary to the children's welfare." The juvenile court's decision that the children were not to be returned was an independent decision for which the officers cannot be held responsible. Therefore, the officers cannot be held liable for injuries incurred after July 5, 2005. If the jury is only instructed, as plaintiffs request, that damages can be awarded only for injuries occurring between the dates of removal and July 5, 2005, the jury, despite an instruction not to speculate, would probably assume that but for the officer's conduct the children would never have been removed from their parents' custody. This would prejudice defendants. Therefore, the jury needs to be instructed along the following lines:

> You may award as compensatory damages the amount of money that you find will reasonably and fairly compensate plaintiffs for any injury you find was caused by the defendants' unconstitutional acts that occurred during the period from June 29, 2005, the date on which S.W. and R.W. were removed, to July 5, 2005, the date that the juvenile court ordered that the children remain in protective custody pending further court hearing. You should consider the mental and emotional pain and suffering experienced during that period and any experienced thereafter which was caused by the unconstitutional acts occurring during that period. However, you must not include in your award compensation for mental and emotional pain and suffering resulting from any events occurring after July 5, 2005, the date on which the juvenile dependency court ordered that plaintiffs were to remain in protective custody pending a further court hearing. The dependency court order was based upon evidence that was presented by County of Santa Clara social workers and the continued protective custody was not based upon any conduct for which the police officers can be held responsible.

The extent of the testimony about events occurring after July 5, 2005 will depend in part on the testimony offered by plaintiffs concerning the emotional distress suffered as a result of the

1  officers' conduct. What happened after July 5 is not relevant to the officers' potential liability.
2  However, in view of the difficulty of accurately parsing out the emotional distress and harm
3  resulting from the initial removal of the children and the following five to six days of separation
4  from the emotional harm and distress caused during the other days that the children were in
5  protective custody (July 5, 2005 through approximately January 9, 2006), may result in some
6  otherwise irrelevant evidence being relevant to the issue of damages.

DATED:   3/7/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

PRETRIAL ORDER NO. 1
No. C-06-04029 RMW