**E-filed on:** 3/15/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, RENEE STALKER, PAM STALKER as Guardian *Ad Litem* for OLIVIA STALKER, SHAFER WATSON and RILEY WATSON, minors,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, *et al.,*<br><br>Defendants. | No. C-06-04029 RMW<br><br>PRETRIAL ORDER NO. 2 |

The court hereby issues the following orders on matters discussed at the pretrial conference on March 10, 2011.

**1. Statement of Case for Jury:** The parties are to submit a joint proposed statement for the jury by March 17, 2011 setting forth the nature of the case, and, if they cannot agree on a statement, their respective proposals. The statement should include mention that the case will be phased.

**2. Exclusion of Witnesses:** Witnesses, except parties, are excluded.

**3. Exhibits:** Exhibits will be premarked and numbered consecutively without regard to which party offers the exhibit.

**4. Jury:** There will be 8 jurors and each side is entitled to 3 peremptory challenges. The court will initially examine 20 prospective jurors and then allow counsel for each side up to 10

1 minutes for follow-up questions. After the parties exercise any challenges for cause, the courtroom
2 deputy will hand the parties a list with the prospective jurors numbered 1 through the number of
3 prospective jurors who remain after challenges for cause. The parties will then pass the list between
4 themselves exercising their peremptory challenges. A pass counts as a challenge. After the parties
5 exercise their peremptory challenges, the examined jurors will be asked to return to the public seats
6 in the courtroom and the 8 who will serve as the jury will be called back to the jury box by the
7 courtroom deputy. The jurors will be the first 8 unchallenged prospective jurors on the list provided
8 to counsel

9 **5. Length of Trial:** Each side will have up to 12 hours, not including jury selection and
10 closing arguments, to present its case.

11 **6. Defendants' Objections to Testimony of Plaintiffs' Attorneys**

12 Defendants object to testimony by plaintiffs' attorneys, Patrick Clancy and Dennis Ruel, as
13 to the legal advice they provided to their clients, the interview with O.W. at Mr. Clancy's office, and
14 any opinion about the innocence or other legal condition of Tracy Watson or the other plaintiffs.
15 Defendants object on two grounds: (1) what the attorneys told their clients is not relevant; and (2)
16 plaintiffs asserted the attorney/client privilege during discovery when asked about Mr. Clancy's
17 advice, and, therefore, should not be allowed to now waive the privilege and offer evidence
18 defendants were precluded from discovering. Defendants' objection has merit at least with respect
19 to the liability phase.

20 The essential liability question as to the claims of both the children and their parents is
21 whether the warrantless seizures of the children were justified by exigent circumstances, i.e. did the
22 information possessed by the officers at the time of the seizures provide reasonable cause for the
23 officers to believe that the children were in imminent danger of serious bodily injury or abuse and
24 was the removal action reasonably necessary to avert such injury? *See Wallis v. Spencer*,
25 202 F.3d 1126, 1137-38 (9th Cir. 2000). What the plaintiffs may have been advised by their
26 attorneys was not information available to the officers and, therefore, is not relevant to the exigent
27 circumstances question. Defendants' motion does not seek to exclude information the officers may
28

PRETRIAL ORDER NO. 2
No. C-06-04029 RMW
2

have been told by counsel prior to the removal of the children and evidence of such information would be admissible if relevant to whether exigent circumstances existed.

Evidence of the advice given to plaintiffs by their counsel around the time of the removal may have some relevance to damages. However, the court defers resolving that question until it arises, if it does. The court understands that plaintiffs do not intend to offer such evidence in their case-in-chief and, if it is offered, it most likely will be in rebuttal to something offered by defendants. Counsel is to advise the court before any evidence of attorney advice, observations or opinions are offered.

**7. Defendants' Objections to the Testimony of Plaintiffs' Treating Physicians**

Defendants object to testimony from Carol Marks, MFT, Margaret Cochran, Ph.D and Valerie Fox, Ed.D concerning the emotional distress suffered by plaintiffs. Defendants claim that the juvenile court later determined there were proper grounds for removal and, therefore, plaintiffs are not entitled to compensation for the distress suffered by them as a result of the removal. Defendants further assert that any attempt by the experts to parse out what emotional distress was suffered during the first five to six days of the separation from that suffered during the entire ordeal would be based on speculation.

The court overrules defendants' objection. The fact that the juvenile court later ordered that the children remain in protective custody pending further court hearing does not mean that damages did not result from the removals if they were wrongfully made. Defendants have also not persuaded the court that the witnesses could not parse out the emotional distress suffered. However, as discussed below, difficult issues may arise as to the scope of cross-examination of the witnesses called to support plaintiffs' damage claims.

**8. Defendants' Objections to the Testimony of Plaintiffs' Police Practices Expert Michael Lyman**

Defendants object on a number of grounds to the testimony of Michael Lyman, a police practices expert retained by plaintiffs. Primarily, they complain that Mr. Lyman's opinions are inconsistent with that of the juvenile court, that he speculates as to what would have resulted from further investigation, and that he expresses opinions on subjects properly left to the jury.

The court finds that most of Mr. Lyman's testimony would not assist the trier of fact to understand the evidence or determine a fact in issue. *See* F.R.E. 702. The court, however, does believe that Mr. Lyman's opinion on one narrow subject could be helpful, specifically what alternative avenues, if any, were available to the officers before they entered the residence and seized S.W. and R.W. or removed O.W. when she was later brought to the police station. In *Wallis*, the court specifically held that the police cannot seize children suspected of being abused or neglected unless reasonable avenues of investigation are first pursued. 202 F.3d at 1138. There may not be, however, a reasonable avenue of investigation depending on the time element and the nature of the allegations. *Id.* Circumstances cannot be considered exigent if there is a reasonable avenue of investigation that has not been taken, even if, in hind sight, it is learned that such investigation would not have negated any risk of immediate injury. Mr. Lyman's testimony may assist the jury in evaluating whether any reasonable alternatives of investigation existed under circumstances as presented to the officers here.

### 9. Instruction on the Scope of Damages

At the pretrial conference on March 10, 2011 the parties discussed with the court issues with respect to the scope of damages that could be claimed upon a finding of liability. Both sides had some quarrel with the proposed instruction that the court suggested in Pretrial Order No. 1. The court has made minor modifications to the instruction which it intends to give if there is a damages phase:

> You may award as compensatory damages the amount of money that you determine will reasonably and fairly compensate plaintiffs for any injury you find was caused by the defendant officers' unconstitutional acts that occurred during the period from June 29, 2005, the date on which S.W. and R.W. were removed, through July 5, 2005, the date that the juvenile court found that return to the parents' home was contrary to the children's welfare and ordered that the children remain in protective custody pending further court hearing. The juvenile court order was based upon evidence that was presented by County of Santa Clara social workers and the continued protective custody was not based upon any conduct for which the police officers can be held responsible. The propriety of the action taken by the county social workers is not a matter before you in this proceeding.
> You should consider the mental and emotional pain and suffering experienced during the June 29 through July 5, 2005 period and any experienced thereafter which was caused by the police officer's unconstitutional acts occurring during that period. However, you must not include in your award compensation for mental and emotional pain and suffering resulting from the detention of the children or any other events occurring after July 5, 2005.

PRETRIAL ORDER NO. 2
No. C-06-04029 RMW
4

> Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**10. Scope of Cross-Examination on Damages**

The parties disagree about the permissible scope of cross-examination of plaintiffs and their treating medical professionals regarding the emotional distress plaintiffs allegedly suffered during the June 29, 2005 through July 5, 2005 time period. The court explained the difficulty of making any definitive rulings without hearing the testimony (or a proffer of the questions to be asked and the anticipated answers). The only written motion to exclude that has been made is defendants' motion to exclude altogether testimony from plaintiffs' treating physicians which the court has denied. *See above.*

If plaintiffs offer testimony as to the emotional distress they suffered, defendants are entitled to cross-examine to test the credibility of that testimony and to question the nature and extent of the distress suffered as a result of the officers' unlawful conduct. This could include examination about other sources of stress existing during the June 29 through July 5 time period and whether the nature and extent of the emotional distress resulting from the officers' conduct can be distinguished from the stress resulting from the total period of separation and other events. Any specific direct or cross-examination, of course, would be subject to objection under F.R.E. 403, if the objection is brought timely to the court's attention.

Defendants argue that if they are found liable because exigent circumstances did not exist, damages can be awarded against them only for the constitutional violation and not for the resulting separation of the children from their parents. Defendants assert that the juvenile court determined that the separation was based on proper grounds. Defendants rely primarily on *Mabe v. San Bernardino County*, 237 F.3d 1101 (9th Cir. 2001). In *Mabe*, the court held that although summary judgment was precluded on plaintiff's claim that her daughter was improperly removed without a warrant, summary judgment was proper in favor of defendants on plaintiffs' claim that defendants were liable for placement of the daughter in foster care. The court reasoned that because the juvenile court found two days after the removal that a *prima facie* showing had been made that the lack of pre-placement preventive efforts was reasonable and that continuation in the parental home

would be contrary to the welfare of the minor, there was no basis for liability for the four-year placement in foster care. The *Mabe* court clearly held that the juvenile court's finding cut off any liability for damages or suffering incurred as a result of the foster care placement. *Id*. at 1110. It is not clear, however, that Mabe raised the specific claim that she was entitled to damages for the separation from her daughter for the two day period prior to the detention hearing as opposed to a claim that the placement should never have been made. Therefore, it does not appear that *Mabe* supports defendants' assertion that damages are not recoverable for the emotional distress suffered by plaintiffs because the children were removed without a warrant and separated from their parents before a detention hearing. *Mabe* does, however, support the fact that the juvenile court's *prima facie* finding cuts off defendants' responsibility for the continued detention of the children.

DATED:   3/15/2011

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

PRETRIAL ORDER NO. 2
No. C-06-04029 RMW

6