**E-filed on:** 1/11/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, RENEE STALKER, PAM STALKER as Guardian *Ad Litem* for O.S., S.W. and R.W., minors,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, *et al.,*<br><br>Defendants. | No. C-06-04029 RMW<br><br>ORDER ON MOTION FOR JUDGMENT AS A MATTER OF LAW AND FOR NEW TRIAL<br><br>[Docket #465] |

Defendants Sgt. Craig Blank and Officer William Hoyt renew their motion pursuant to Federal Rules of Civil Procedure Rule 50 for judgment as a matter of law ("JMOL") with respect to the award of punitive damages on the grounds that there is no legal basis for such an award. They also move for a new trial on damages pursuant to Rule 59 on the bases that the court precluded introduction of crucial evidence, gave erroneous and inadequate jury instructions and that the damages awarded were excessive. Plaintiffs Tracy Watson, Renee Stalker and their three minor children, O.S., S.W. and R.W., oppose the motions and contend that the court did not erroneously exclude crucial evidence or give faulty instructions and that the damages awarded were supported by the evidence and not excessive.

The court has reviewed the papers filed, the record of the proceedings including the trial transcript and heard the arguments of counsel. The court rules as follows:

1. The renewed motion for judgment as a matter of law on the basis that the evidence does not support an award of punitive damages against either defendant is denied but the amounts awarded are constitutionally excessive and a new trial is required on whether punitive damages should be awarded, and, if so, in what amount; and

2. The motion for a new trial on compensatory damages is also granted. It is required because the court made erroneous evidentiary rulings, failed to give adequate instructions on damages and the damages awarded are excessive.

# I

At the close of evidence in the damages phase of the trial, before the case was submitted to the jury, Sgt. Blank and Officer Hoyt moved pursuant to Federal Rule of Civil Procedure 50 for judgment as a matter of law on the punitive damages claims against them on the basis that insufficient evidence had been presented to support an award of punitive damages. Defendants now renew their motion for JMOL on that same basis. Alternatively, they assert that the award of $1.5 million in punitive damages against Sgt. Blank and the award of $500,000 against Officer Hoyt are constitutionally excessive.

Punitive damages may be awarded if the conduct giving rise to the claim was driven by evil motive or intent, when it involved a reckless or callous indifference to the constitutional rights of others or when it was oppressive. *See Dang v. Cross*, 422 F.3d 800, 805-808 (9th Cir. 2005). An act is oppressive if the person who performs it violates the rights of the plaintiff with unnecessary harshness or severity such as by the abuse of authority. *Id.* at 809. Here, the jury had a legally sufficient basis to find that defendants acted in reckless disregard of plaintiffs' rights or violated plaintiffs' rights with unnecessary severity by the abuse of authority.

The evidence was undisputed that the children were removed without a warrant. The officers relied on information in a report from a social worker employed by the Department of Family Services. The report was transmitted to the police department by a social worker who had recently been assigned to the case because the originally assigned social worker had gone on vacation. The

referral to the original social worker, which described on-going masturbatory conduct by O.S. at school, had a ten day response time, the longest time allowed for a response to a referral. The original social worker had apparently not yet undertaken a personal investigation. The officers did no investigation of their own prior to going to plaintiffs' home and removing R.W. and S.W., the two young sons of Tracy Watson and Renee Stalker. The officers did not contact O.S.'s school, talk with school personnel or make a concerted effort to contact and meet the parents. When Sgt. Blank arrived at the residence, he observed the two boys (O.S. was not there) to be happy, healthy and clean and in the care of their grandmother and a babysitter. The evidence supports a finding that Sgt. Blank decided that he would remove the two boys before he even arrived at the house despite the fact that he had no information that they had ever been mistreated. The evidence also supports a finding that Officer Hoyt detained O.S., the eight year old girl, without any attempt to get a warrant and despite the fact that her mother voluntarily brought her to the police station and that O.S. revealed nothing in her interview that supported a conclusion that she had been abused. The officers made no effort to investigate a placement of either R.W. and S.W. or O.S. at a location other than at the children's shelter and did not discuss the situation with anyone associated with the children's family. Although the evidence does not support a conclusion that the defendants acted with evil motive or malice, the evidence does support the conclusion that they took the children in reckless disregard of plaintiffs' rights and misused and abused their authority. *See Keller v. City of Stockton*, 2006 WL 2051043, \*4 (E.D.Cal., 2006); *Roska v. Sneddon*, 311 F.Supp.2d 1307, 1317-18 (D.Utah 2004). Therefore, the jury had substantial evidence on which to base an award of punitive damages. However, the amounts the jury awarded as punitive damages are grossly excessive.

The Supreme Court has instructed courts reviewing punitive damages to consider the following three guideposts: (1) the degree of reprehensibility of the misconduct, (2) the disparity between the actual or potential harm suffered and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). Of these three factors, the most important to consider is the degree of reprehensibility of the misconduct. *Id.* at 419. In determining the reprehensibility of the misconduct, courts are to consider whether: "the

harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident." *Id.* Here, the officers did not act with evil intent or malice and made no threats of violence nor committed any affirmative acts of trickery or deceit. However, what supports a punitive damages award against them is what may be found to be a total disregard of the warrant requirement and the lack of exigent circumstances. The fact that the juvenile court later determined the children should remain detained does not in any way excuse the officers' conduct.

The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future. Although the police department as a whole may have failed to properly train the officers on the protocol to be followed in cases where a child's health and safety may be in danger, the facts of this case suggest that the officers were reckless in deciding to remove the children, particularly the two boys for whom there was absolutely no evidence of abuse or neglect. The amounts of the awards are excessive to the extreme, and particularly beyond the realm of reasonableness given that there was no evidence offered showing the net worth of the officers let alone that either even has a positive net worth.

**II**

"Defendants urge the Court to grant a new trial due to the unfairness involved in precluding evidence related to the dependency proceedings." Mot. at 14:21-23. Federal Rule of Civil Procedure 59 provides that the court may grant a new trial on all or some of the issues after a jury trial for any reason for which a new trial has historically been granted in an action at law in federal court. Erroneous evidentiary rulings and errors in jury instructions are both bases for a new trial. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995); *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

Defendants first argue that since the state juvenile court made a *prima facie* finding five days after the warrantless seizure of the children that grounds existed for their detention, "the parents

ORDER ON MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR MOTION FOR NEW TRIAL
No. C-06-04029 RMW

4

could not have suffered any actual damage based on the family's separation. And since a constitutional violation is considered a tort action, the lack of actual damages defeats the claim." Mot. at 17:1-3. The court agrees to some extent. As the parties are well aware, the court struggled in trying to formulate an appropriate jury instruction on the damages recoverable and on what evidence could be considered. The court, however, overlooked *Carey v. Piphus*, 435 U.S. 247 (1978). After carefully reviewing that case, the court is now satisfied that the jury instruction it gave was not adequate and that evidence and argument were allowed which resulted in inadequate guidance to the jury. In addition, the jury apparently either misunderstood the instructions that were given or chose to ignore them. The plaintiffs are not entitled to recover for the distress suffered as a result of the removal of the children but are entitled only to compensation for any distress resulting from the deficiency in the procedure followed, namely not obtaining a warrant. The reason is that the juvenile court determined after the removal by the police that the children needed to be removed for their safety and welfare.[1] The situation is analogous to that in *Carey* where students who claimed they had been suspended from school without procedural due process brought action against the school board. The district court found that the students' rights had been violated but failed to award damages, and plaintiffs appealed. The court of appeals held that the students were entitled to recover substantial damages for the suspensions even if they were justified and even if they did not prove that any other actual injury was caused by denial of procedural due process. The Supreme Court reversed and held that where a deprivation is justified (the suspensions in *Carey*; the removal here) but procedures are deficient (suspensions without a pre-suspension hearing in *Carey*; here the removal without a warrant), whatever distress a person (the students in *Carey*; the plaintiffs here) feels may be attributable to the justified deprivation rather than to deficiencies in procedure. The injury caused by a justified deprivation, including distress, is not properly compensable under § 1983. It is inconceivable here that the jury, based upon the awards made, did not award damages for the emotional distress resulting from the removal of the children in addition to any emotional

---

[1] Defendants assert that the juvenile court determined that the removal should continue based upon the same facts that the defendant officers possessed at the time of the initial seizure of the children. Whether that is true is not clear from the record but the critical fact is that the juvenile court found that the children should remain removed for their protection and safety.

distress resulting from the constitutional violation. The court's instructions and evidentiary rulings were faulty to the extent that they allowed recovery for emotional distress suffered from the date the Officers removed the children to the date the juvenile court made its *prima facie* finding and did not restrict any award to only the emotional distress related to the unconstitutional procedure followed. As held in *Carey*, compensation for the injury caused by deprivation of the constitutional right (here removal without a warrant) must be tailored to the interests protected by the constitutional right itself. In *Carey,* the students' suspensions were found after the fact to be justified and so they were entitled to only nominal damages. However, if they had proved damages resulting from the failure to provide a pre-suspension hearing, they could have recovered compensation for that injury.

### III

The defendants also assert that even if the court's instructions and evidentiary rulings were correct, a new trial on damages is required because the awards are excessive. One of the historical reasons for a new trial is excessive damages. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).

Defendants focus on the awards to the children. They correctly point out that absolutely no evidence was introduced of any mental distress or other injury suffered by S.W. or R.W. No evidence was offered showing any medical or mental health treatment or any distress or fear suffered by the two boys. Plaintiff's counsel acknowledged that no evidence was introduced showing any change to S.W. or R.W. as a result of the conduct of the officers.

> Mr. Powell: . . . . I do want to point out to the court that you said in our direct with Mr. Watson that it was implied that the children were different after, but the reality is that there was no evidence submitted at all that [R.W.] nor [S.W.], because one is autistic and one is 13 months old, were different after. . . .
>
> The Court: Well, you went over the personalities of the children and the relevance of that seems to me to only imply that there was something about the incident that changed that personality or affected that personality and because it is otherwise irrelevant.
>
> Mr. Powell: . . . . But there was not at this point in time put in anything. You said it was implied, but implied is not evidence.
>
> So at this point it is not there.

Tr. 1280:9-1281:15. Since plaintiffs offered no evidence of actual injury suffered by S.W. and R.W., they are entitled only to nominal damages. *See Carey*, 435 U.S. at 254-267 (public school

ORDER ON MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR MOTION FOR NEW TRIAL
No. C-06-04029 RMW

students suspended from school without procedural due process entitled to recover only nominal damages in § 1983 action against school officials absent proof of actual injury).

Some showing was made that O.S. suffered distress in being separated from her brothers and from a fear of police that continues to today. However, the jury in awarding her $400,000 either ignored or misunderstood the court's instructions on damages. Or they may have been outraged by the officers' conduct. In any event, the award is grossly excessive and clearly not supported by the evidence. No evidence was introduced that O.S. had received medical or mental health treatment or counseling as a result of the actions of the officers. The only explanation of her fear came from her parents. Interestingly, although plaintiffs argued in their final argument to the jury that O.S. is the one who suffered the most (Tr. 1368:24-25; 1369:9-10), that seems at odds with the position they took when they sought court approval of their settlement with the County where they requested an allocation of $216,751.75 to the parents and $70,000 to the children and represented that the parents suffered more than the children. Docket #418. Admittedly, there were bases for liability of the County in addition to the warrantless removal without exigent circumstances and some of the allocation in favor of the parents resulted from expenses the parents incurred, but counsel did represent in plaintiffs' application for approval of the settlement that the parents suffered more.

## IV

For the reasons discussed, the court vacates all the damages awards and grants a new trial on damages. The parties are to schedule a mutually convenient date for a case management conference to set a new trial date on damages by calling the courtroom deputy, Jackie Garcia, at 408/535-5375. The parties are to submit at least seven days before the conference a joint proposed statement to the jury explaining the nature of the case and what the jury will be asked to decide. The parties are also to submit proposed instructions on damages and supporting authorities.

DATED: January 11, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge