**E-filed on:** 2/29/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACY WATSON, RENEE STALKER, PAM STALKER as Guardian *Ad Litem* for O.S., S.W. and R.W., minors,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, *et al.,*<br><br>Defendants. | No. C-06-04029 RMW<br><br>ORDER DENYING APPLICATION FOR INTERLOCUTORY APPEAL<br><br>[Docket #483] |

Plaintiffs have filed an application for permission pursuant to 28 U.S.C. § 1292(b) to file an interlocutory appeal of the court's Order on Motion for Judgment as a Matter of Law and for New Trial filed January 11, 2012. In its Order, the court vacated the damages awards and granted a new trial on damages. The court hereby denies plaintiffs' application for permission to file an interlocutory appeal.

The court is not unsympathetic with plaintiffs' concern over the correct legal standard for measuring damages under the circumstances of this case, i.e. when officers improperly failed to obtain a warrant, but when the juvenile court then keeps the children from their parents for their safety and protection. However, even if the court of appeals determined that the jury was properly instructed, a new trial would be necessary because the damages awarded were excessive. An

interlocutory appeal would likely serve no purpose but to delay the ultimate termination of this litigation and result in piecemeal review of the issues. For an immediate appeal to be appropriate, it must be likely to materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

Plaintiffs also seek to include in an interlocutory appeal their objection to the court's grant of a new trial with respect to punitive damages and the court's instruction to the parties to submit a "joint proposed statement to the jury explaining the nature of the case and what the jury will be asked to decide." Ps' App. p. 17, fn. 10. There is no substantial difference of opinion on a court's discretion to grant a new trial on the basis of excessive damages. Therefore, plaintiffs' objection to the court's grant of a new trial because the damages awarded were excessive provides no basis for an interlocutory appeal. As for the court's instruction to the parties to submit a joint proposed statement to the jury, the court is baffled as to why the plaintiffs contend that request is error. Since a new trial will be on damages only, the court will need to explain to the jury that liability has already been determined and that the jury's responsibility will be to determine the nature and extent of damages. Requesting the parties to submit proposed language to assist the court in formulating a preliminary instruction to the jury as to its task is an appropriate and common practice.

DATED: February 29, 2012

RONALD M. WHYTE
United States District Judge

ORDER DENYING APPLICATION FOR INTERLOCUTORY APPEAL
No. C-06-04029 RMW
2