E-FILED on 8/22/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRACEY WATSON et al., | No. C-06-4029 RMW |
| Plaintiff, | |
| v. | PRETRIAL ORDER NO. 3 |
| SGT. CRAIG BLANK and OFFICER WILLIAM HOYT, et al. | |
| Defendants. | |

On August 2, 2012 the court held a pre-trial conference for the upcoming retrial of this case on the issue of damages. The court now makes the following rulings:

**1. Trial Time:** Each side is given up to 12 hours for opening statements and direct and cross-examination of witnesses including parties. A separate allocation of time for closing arguments will be made at the close of evidence but will probably be approximately 1 hour per side.

**2. Statement of the Case:** The following statement of the case will be given to the jury at the beginning of the case:

> In this trial, plaintiffs Tracy Watson, Renee Stalker, and their children, plaintiffs Olivia Stalker, Shafer Watson and Riley Watson seek money damages from defendants San Jose Police Sergeant Craig Blank and Officer William Hoyt for the violation of their constitutional rights.
> In June of 2005, after receiving a report concerning the welfare of Olivia from the Department of Family and Children Services, Sgt. Blank and Officer Hoyt took

PRETRIAL ORDER NO. 3—No. C-06-4029 RMW

the three children into protective custody without a required warrant or court authorization and without there being what the law considers emergency or "exigent circumstances." You will hear testimony about the events and circumstances surrounding the taking of the children.

In a prior proceeding in this case, it was determined that Sgt. Blank and Officer Hoyt violated the constitutional rights of the plaintiffs when they took the children into custody. In this proceeding, your task will be to determine what amount of damages to award to the plaintiffs resulting from the unconstitutional actions of the officers.

The only significant difference between the statement proposed by plaintiffs and that proposed by defendants is that plaintiffs include the instruction "that the plaintiffs are entitled to punitive damages against the defendants for their conduct in removing the children." Ps' Proposed Statement dated 6/1/12. Plaintiffs apparently read the court's Order on Motion for Judgment as a Matter of Law and for New Trial dated January 11, 2012 (docket # 482) as not setting aside the jury's finding of entitlement to punitive damages but only setting aside the amount awarded. That is not what the court intended by its ruling. The statement that there was substantial evidence supporting an award of punitive damages only meant that defendants were not entitled to have their motion for a judgment as a matter of law granted on the basis of a lack of evidence sufficient to support an award of punitive damages. Although the court believes there was sufficient evidence to support an award of punitive damages, the amount of the award was so excessive as to suggest that passion or prejudice may have affected the jury's determination of entitlement as well as the amount. Therefore, the court vacated the award of punitive damages.

**3. Instruction on Damages:** The court intends to give the following instruction subject to modification based upon the evidence presented:

**JURY INSTRUCTION NO. \_\_\_\_**

**Damages–Proof Required**

I will now instruct you on calculating damages and the proof required.
You may award as compensatory damages the amount of money that you determine will reasonably and fairly compensate plaintiffs for any injury that you find was caused by the violation of the plaintiffs' constitutional rights.
If you find that had the officers applied for a warrant to take the children into protective custody, a judicial officer would have issued a warrant, you may award damages only for the emotional distress, if any, that you find was caused by the unconstitutional procedural violation of Sgt. Blank and Officer Hoyt in failing to obtain a warrant. You may not award damages for any harm caused by the separation of the children from their parents. If you find that plaintiffs suffered no actual damages, you must nevertheless award nominal damages. Nominal damages may not exceed $1.00.

PRETRIAL ORDER NO. 3—No. C-06-4029 RMW
2

     To obtain a warrant to take a child into protective custody a police officer must show in an application to a judicial officer that at that time of the application there is reasonable cause to believe that the child's welfare requires removal of the child from the custody of his or her parents because of a substantial danger, or risk of danger, to the child's physical or mental health if he or she remains in the custody of his or her parents, and there are no reasonable alternatives to protect the child.

     If you find that had the officers applied for a warrant to take the children into protective custody, a judicial officer would not have granted such authorization, you may award damages for any emotional distress that you find was caused by the unconstitutional lack of procedure and the unconstitutional taking of the children, including any emotional distress caused by the separation of them from their parents for the period from June 28 to July 5, 2005.  However, no damages may be awarded for distress resulting from the continued separation of the children from their parents after July 5, 2005 as the juvenile court ordered on that date, based upon a petition filed by the Department of Family and Child Services, that continued detention of the children was necessary for the welfare of the children.

     The determination of whether the officers could have obtained a warrant must be based upon what the officers knew at the time that the children were taken and not on what may have been known or what may have been presented to a court at a later time.  The burden of proof is on the defendant officers to show that it is more likely than not that they would have been able to get a warrant if they had applied for one.

     In additional to either compensatory or nominal damages, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

     You may award punitive damages only if you find that a defendant's conduct that harmed a plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring a plaintiff. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to a plaintiff's safety or rights, or if a defendant acts in the face of a perceived risk that its actions will violate a plaintiff's rights under federal law. An act or omission is oppressive if a defendant injures or damages or otherwise violates the rights of a plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of a plaintiff.

     If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

     In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on a plaintiff.

     You may impose punitive damages against one of the defendants and not the other, and may award different amounts against the two defendants.

     The plaintiffs have the burden of proving what damages should be awarded, and the amount, by facts that are more probably true than not true.

The court acknowledges that it has struggled with the issue of the nature of the damages for which the plaintiffs are entitled to recover and in formulating an appropriate jury instruction. The court is satisfied that *Carey v. Piphus*, 435 U.S. 247 (1948), holds that when a procedural due process violation occurs and adverse action results, damages for injuries caused by the adverse

action may not be recovered if the defendant can prove the action would have been taken even absent the violation. In *Gomes v. Wood*, 451 F.3d 1122 (10th Cir. 2006), the court discussed the application of *Carey* in a child removal case. The court held that the district court improperly granted summary judgment in favor of defendants based upon *Carey* because plaintiffs' alleged damages resulted from the emotional distress caused by the denial of procedural due process itself and not from the separation of the parents from the child. The district court erroneously considered the damages as arising from the separation.

> We acknowledge that the line drawn by the Supreme Court in *Carey*—between (a) damages arising from the deprivation of liberty or property and (b) damages arising from the denial of procedural due process itself—may be a fine one. Moreover, in many instances, plaintiffs may offer the same evidence to support both classes of damages claims.
> Nevertheless, the Gomeses have alleged that they have suffered damages from the denial of procedural due process itself (and thus recoverable under *Carey*).

*Id.* at 1132. The *Gomes* court observed that plaintiffs could not recover damages for the separation of the parents from the child because the removal was justified. However, plaintiffs were not making a claim for such damages. "Here, the Gomeses have not contested the state judge's finding that the removal of Rebekah was justified. Moreover, they have not sought nominal damages. Accordingly, they may only recover damages arising from the denial of due process itself." *Id.*

Defendants argue that *Mabe v. San Bernardino County*, 237 F.3d 1101 (9th Cir. 2001), supports their position that plaintiff can only seek damages for the failure to obtain a warrant. In *Mabe*, the court held that although summary judgment was precluded on plaintiff's claim that her daughter was improperly removed without a warrant, summary judgment was proper in favor of defendants on plaintiff's claim that defendants were liable for placement of the daughter in foster care. The court reasoned that because the juvenile court found two days after the removal that a *prima facie* showing had been made that the lack of pre-placement preventive efforts was reasonable and that continuation in the parental home would be contrary to the welfare of the minor, there was no basis for liability for the four-year placement in foster care. The *Mabe* court clearly held that the juvenile court's finding cut off any liability for damages or suffering incurred as a result of the foster care placement. *Id.* at 1110. It is not clear, however, that Mabe raised the specific claim that she was entitled to damages for the separation from her daughter for the two day period prior to the detention

PRETRIAL ORDER NO. 3—No. C-06-4029 RMW
4

hearing as opposed to a claim that the placement should never have been made. Therefore, it does not appear that *Mabe* supports defendants' assertion that damages are not recoverable for the emotional distress suffered by plaintiffs because the children were removed without a warrant and separated from their parents before a detention hearing. *Mabe* does, however, support the fact that the juvenile court's *prima facie* finding cuts off defendants' responsibility for the continued detention of the children.

The court reads *Carey* and *Gomes* as holding that damages can be obtained only for a procedural due process violation if the officers' only failure was to get a warrant. However, if they did not have probable cause for a warrant at the time the children were taken, then there were substantive 4th and 14th amendment violations. Whether the officers had probable cause must be determined based upon the facts known to the officers at the time the children were removed and not on what was presented in the County's petition or at the detention or jurisdictional hearings. Nevertheless, the juvenile court's order on July 5, 2005 cut off any separation damages recoverable from the officers because they were not responsible for the continued separation.

To the extent that the reasoning above is inconsistent with the court's order at docket # 482, this order controls.

**4. *In Limine* Motions**

    **a. Plaintiffs' Motions**

        **1. To Exclude Any Testimony from Defense Witnesses in the Form of Expert Opinion**

Granted.

        **2. To Exclude All Reference to Any Information Shortly after Removal of Children**

Denied without prejudice. *See* discussion below regarding defendants' Motion *In limine* nos. 1 and 3.

        **3. Defendant Should Be Estopped from Challenging Any Findings Relevant to Liability**

Granted in part and denied in part. The motion is granted to the extent that defendants are precluded from arguing that defendants are not liable, i.e. that there were exigent circumstances

justifying the seizure of the children. However, most of the facts that were relevant to liability are also relevant to damages, particularly with respect to plaintiffs' claim for punitive damages.

### b. Defendants' Motions

#### 1. To Exclude Evidence of Damages Arising from the Detention of the Minor Children and Limit Evidence on Damages to Those Damages Arising From the Warrantless Seizure of the Minor Children by Defendants

The parties have disagreed and the court has struggled throughout this case as to what evidence is relevant to plaintiffs' damages claims and what is the scope of cross-examination that should be allowed with respect to those claims. Plaintiffs maintain that they "are not seeking damages from any conduct by the defendants after the children had been detained beyond the point of time just prior to court detention." Ps' MIL no. 2. This means, according to plaintiffs, that any evidence of court orders under the Welfare & Institutions Code, evidence of Chlamydia allegations and any information about plaintiffs shortly after the removal of the children should be excluded.[1] The defendants want to exclude "evidence of damages arising from the detention of the minor children and limit evidence on damages to those arising from the warrantless seizure of the minor children by defendants." Ds' MIL no. 1. The defendants also seek to exclude the testimony of any of plaintiffs' mental health providers on the basis that they could only speculate as to what emotional distress resulted from the failure of the officers to get a warrant and on how to allocate plaintiffs' emotional distress to particular sources.

The court has previously explained the difficulty of making any definitive rulings without hearing the testimony (or a proffer of the questions to be asked and the anticipated answers).

The court offers this guidance to the parties. If plaintiffs offer testimony as to the emotional distress allegedly suffered whether it be as a result of either the officers' failure to get a warrant, i.e. damages based upon a due process procedural violation, or because the officers committed

---

[1] Plaintiffs appear to fear that defendants will attempt to justify their actions by additional information learned about plaintiffs after the removal. Plaintiffs are correct and defendants do not disagree that probable cause is determined at the time of a warrant application or at the time a seizure is made under allegedly exigent circumstances. There is no longer an issue of whether exigent circumstances existed–they did not—but there are issues relevant to plaintiffs' emotional distress claims and subsequent events may be relevant to the nature and extent of plaintiffs' alleged suffering.

PRETRIAL ORDER NO. 3—No. C-06-4029 RMW

substantive 4th and 14th Amendment violations because they could not have obtained a warrant, defendants are entitled to cross-examine to test the credibility of that testimony and to question the nature and extent of the distress suffered as a result of the officers' unlawful conduct. The scope of the cross-examination will depend on the nature of the emotional distress claim. If plaintiffs claim that they were upset by the fact a warrant was not obtained but make clear that they are not claiming emotional distress for the separation of the family, the court would significantly limit the scope of the cross-examination. If, however, plaintiffs claim that the emotional distress from the officers' actions was severe and long-lasting, the cross-examination could include examination about other possible sources of their emotional distress such as the on-going juvenile proceedings and orders, the continued separation of the family and the allegations of sexual abuse. If plaintiffs' mental health providers testify concerning the plaintiffs' emotional states, the defendants could cross-examine on bases of their opinions on the causes or sources of distress for which the officers are not responsible.

Any specific direct or cross-examination, of course, is subject to objection under F.R.E. 403, if the objection is brought timely to the court's attention. For example, although potentially relevant, the court tentatively concludes that evidence about the Chlamydia allegations should be excluded under FRE 403 as the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

**2. To Exclude Evidence of Any Damages Claimed by Riley and Shafer**

Denied. The court granted a new trial as to damages incurred by Riley and Shafer. If plaintiffs do not offer evidence as to any emotional distress suffered by them, defendants can move under Rule 50 for a judgment as a matter of law on that issue.

**3. To Exclude Any Testimony of Plaintiffs Tracy Watson's, Renee Stalker's and Olivia Stalker's Treating Physicians, Limiting Any Testimony of Alleged Damages to Those Arising From Constitutional Violation—Lack of a Warrant**

Denied. Defendants assert that any attempt by the experts to parse out what emotional distress was suffered during the procedural violation or the first five to six days of the separation from that suffered during the entire ordeal would be based on speculation. The fact that the juvenile court later ordered that the children remain in protective custody pending further court hearing does not mean that damages did not result from the officers' constitutional violations. Defendants have

PRETRIAL ORDER NO. 3—No. C-06-4029 RMW

also not persuaded the court that the witnesses could not parse out the emotional distress suffered. However, the scope of cross-examination of mental health providers could be reasonably extensive. *See also* discussion above concerning defendants' Motion *In Limine* no. 1.

### c. Other Motions

It was brought up at the pretrial conference that the defendants may call a representative of the San Jose police department to testify that a policy has been instituted to preclude officers from removing children without a warrant or exigent circumstances. This evidence, the defendants claim, would suggest that punitive damages are not needed to deter similar conduct by its officers in the future. Neither side has offered any authority on whether such testimony is admissible nor have plaintiffs indicated whether they intend to argue the need to award punitive damages to deter defendants in the future or just to punish them for their past acts. It would seem to the court, and it tentatively rules, that the relevant question is whether the defendants have taken steps to insure that they know the rules regarding taking children into protective custody and whether they know of, and have studied, any revised police department policies on the subject. Any revised policies could be offered through them, if the revised policies have affected or will affect their conduct in the future.

DATED: 8/22/2012

RONALD M. WHYTE
United States District Judge