1

2

3    **E-filed on:** ___12/4/12_____

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

| | |
|---|---|
| 12  TRACY WATSON, RENEE STALKER, PAM STALKER as Guardian *Ad Litem* for O.S., S.W. and R.W., minors, | No. C-06-04029 RMW |
| 13 | ORDER ON RENEWED AND SUPPLEMENTAL MOTION FOR JUDGMENT AND/OR NEW TRIAL |
| 14              Plaintiffs, | |
| 15          v. | [Docket #538] |
| 16  COUNTY OF SANTA CLARA, *et al.,* | |
| 17              Defendants. | |

18

19          Plaintiffs move for a judgment as a matter of law pursuant to Fed.R.Civ.P. 50, and, in the

20    alternative, for a new trial under Fed.R.Civ.P. 59.  Plaintiffs assert that they are entitled to punitive

21    damages as a matter of law and seek a new trial on the amount of punitive damages to which they

22    are entitled.  The plaintiffs also seek a new trial on both compensatory and punitive damages on the

23    bases that the court: (1) improperly limited the damages to which plaintiffs are entitled; (2) "liberally

24    allowed the introduction of evidence that was prejudicial, lacking relevance (FRE 401) and/or

25    foundation, and whose introduction — even if relevant arguendo — violated the balancing

26    requirements of FRE 403, in that the prejudicial nature of the evidence far outweighed its

27    relevance."  The court has reviewed the papers filed, the record of the proceedings and heard the

28    arguments of counsel.  The court hereby denies the motion in its entirety.

Order on Renewed and Supplemental Motion for Judgment and/or New Trial
No. C-06-04029 RMW

**I. ANALYSIS**

**A.  Plaintiffs' Claim that They Were Entitled to Punitive Damages as a Matter of Law and a New Trial on the Amount of Punitive Damages**

**1.  Plaintiffs' Motion for a Judgment as a Matter of Law**

The court vacated the award of punitive damages against Sergeant Blank and Officer Hoyt made by the jury in the original trial of this case.  The issue of damages was re-tried and jury did not award punitive damages.  Plaintiffs assert that "the quantum and nature of evidence with regard to conduct of the defendants constituting a basis for punitive damages were so substantial that no reasonable jury could have concluded that punitive damages should not be awarded. Pltfs.' Mot. at 5:24-6:1.

Plaintiffs' argument is unique and without factual merit.  Even if a jury finds that a party's conduct meets the threshold for punitive damages they are never awarded as of right, no matter how egregious the defendant's conduct.  *See Smith v. Wade*, 461 U.S. 30, 52 (1983), *Harris v. L & L Wings, Inc.*, 132 F.3d 978, 983 (4th Cir. 1997);*U.S. v. Balistrieri,* 981 F.2d 916, 936 (7th Cir. 1992). In discussing entitlement to punitive damages the Court in *Smith* stated:

> The argument overlooks a key feature of punitive damages—that they are never awarded as of right, no matter how egregious the defendant's conduct. "If the plaintiff proves sufficiently serious misconduct on the defendant's part, the question whether to award punitive damages is left to the jury, which may or may not make such an award." D. Dobbs, Handbook on the Law of Remedies 204 (1973) (footnote omitted).

461 U.S. at 52.

In any event, in the instant case, regardless of the fact that the jury had total discretion to award or not award punitive damages if the threshold had been met, substantial evidence supported the denial of an award of punitive damages.  In ruling on a motion for judgment as a matter of law, the test is whether the evidence permits only one reasonable conclusion and that conclusion is contrary to the jury's verdict.  *E.E.O.C. v. Go Daddy Software, Inc.*, 357 F.3d. 951,961 (9th Cir. 2009).  In the instant case, there was substantial evidence that supported the jury's decision denying an award of punitive damages.  Based on the evidence, the jury could have found that the officers' seizure of the children was based upon a good faith but mistaken belief as to the legal standard for removing the children without a warrant.  The jury could also have concluded that the officers were

acting in what they perceived to be the best interests of the children and in accordance with what they erroneously believed was proper procedure.  In either scenario, punitive damages would not be appropriate.

The motion for judgment as a matter of law that plaintiffs are entitled to punitive damages is denied.

### 2.  Alternative Motion for New Trial

In their alternative motion for a new trial plaintiffs assert that defendants' counsel improperly argued that the state juvenile court's ruling on July 5, 2005 "was some sort of after-the-fact court sanctioned validation of correctness or appropriateness of the officer's actions in removing the children."  Pltfs'. Mot. at 6:17-7:1.  However, the court instructed the jury at the time defense counsel made the comment to which plaintiffs object that the juvenile court made no finding about whether there was an emergency circumstance when the officers took the children into protective custody.  The court also instructed the jury in its final instructions that "the Juvenile Court order does not validate or retrospectively approve the constitutional violation including the manner in which the children were taken into protective custody."  Jury Inst. No. 4.  The court cured any potential prejudice resulting from defense counsel's argument.  The alternative motion for a new trial on damages is denied.

### B.  Alleged Evidentiary Errors

#### 1.  Consideration of Alternatives

Plaintiffs also complain about several evidentiary rulings made by the court.  Plaintiff claim that the court erred by allowing defense counsel "to ask, over repeated objections, questions about whether Tracy Watson or Olivia Stalker 'considered' *other responses* to various events or circumstances."  Pltfs' Mot. at 9:23-10:1.  For instance, plaintiffs allege that it was not permissible for defense counsel to question Mr. Watson about how long it would have taken him to bring OS home from Kaiser Santa Clara when Sgt. Blank ordered Mr. Watson to respond by 4:00 p.m.

The court does not find that defense counsel's questions were improper.  Mr. Watson emphatically testified that his actions and responses to the social workers and the police were justified and reasonable.  The entire conversation between Mr. Watson and Sgt. Blank was relevant

United States District Court
For the Northern District of California

Order on Renewed and Supplemental Motion for Judgment and/or New Trial
No. C-06-04029 RMW

United States District Court

For the Northern District of California

for the jury to consider in evaluating the reasonableness of both parties and in explaining the actions that followed.  Plaintiffs sought both compensatory and punitive damages for the stress they suffered from the officers' seizure of the children without a warrant. The circumstances that caused plaintiffs' distress could not be evaluated without testimony from the plaintiffs about how and why they responded the way they did to the requests and demands of the police and social workers. The defense was entitled to have the jury consider the plaintiffs' reasonableness, or lack thereof, in its determintion of what caused the distress the plaintiffs suffered and whether plaintiffs' own conduct caused or contributed to the stress they suffered.

Defendants were also entitled to cross-examine the credibility of the plaintiffs' testimony. For example, defendants were entitled to cross-examine Mr. Watson on whether he could have returned to the family home in time to satisfy Sgt. Blank's demand.  A jury could reasonably have considered Mr. Watson's actions and motives in contending that he could not have gotten home by 4:00 p.m. as insisted by Sgt. Blank or why he elected to stay in a motel rather than the family home following the seizure of the boys.  Cross-examination about what happened and what the parties said and believed allowed the jury to understand what happened and why and allowed it to evaluate the cause of and responsibility for the emotional distress allegedly suffered by plaintiffs. The testimony was not only relevant to a determination of compensatory damages for emotional distress but also to an understanding of the motive and intent of the officers and whether they acted with malice and oppression and should be punished by an award of punitive damages.

### 2.  Testimony Regarding Reasons for Becoming a Police Officer

Plaintiffs claim that the court erred by allowing the officers to each answer a question about why he a became police officer.  The testimony was very brief.  Nevertheless, plaintiffs assert it was prejudicial.  The court believes the testimony was relevant and clearly the type of evidence that the court has discretion to admit.  Plaintiffs claimed that the officers acted with malice and oppression and sought punitive damages against each of them.  In essence, plaintiffs were asserting that the officers simply did not care about the rights of the plaintiff family, and were willing, for no good reason, to tear a family apart.  Since defendants' motivations and characters were being directly challenged, it was certainly within the discretion of the court to allow brief testimony to explain that

Order on Renewed and Supplemental Motion for Judgment and/or New Trial
No. C-06-04029 RMW

United States District Court
For the Northern District of California

1   the defendants were motivated by good intentions and that they did not become officers with the

2   intent or goal of recklessly disregarding the rights of citizens.

3               **3.  Policy Clarification**

4           Plaintiffs further complain that the court erred in allowing into evidence a new, clarified

5   policy adopted by the police department which was consistent with training the officers received

6   after the events in this case on the requirement for exigent circumstances to remove children absent

7   a warrant.  The evidence was introduced to suggest that the officers' actions were motivated by a

8   lack of understanding and not out of malice.  Further, the evidence tended to suggest that the officers

9   would not make similar mistakes in the future.  A district court may, in its discretion, allow a

10  defendant to introduce evidence of remedial conduct undertaken in response to his wrongful act as a

11  factor mitigating punitive damages.  *See Swinton v. Potomac Corp.,* 270 F.3d 794, 814 ((th Cir.

12  2001).

13              **4.  State of Mind Evidence**

14          Finally, the plaintiffs complain that the court allowed "defendants to extol their own personal

15  'state of mind,' including what they 'felt' about information and circumstances confronting them

16  during the two investigations and removals."  Pltfs' Mot. at 13:2-4.  The court is unclear as to what

17  specifically the plaintiffs claim the court erroneously allowed.  What the officers believed or

18  understood was clearly relevant to explain the actions they took and their motivations.

19          **C.  Instruction on Recoverable Damages**

20          Plaintiffs assert that the court's instruction on recoverable damages was erroneous and,

21  because of this error, they are entitled to a new trial on damages.  Plaintiffs focus on two objections:

22  (1) that the instruction failed to allow recovery for damages resulting from the separation of the

23  parents from their children and should not have been limited to the unconstitutional manner in which

24  the removal was accomplished; and (2) the court did not explain to the jury that the juvenile court's

25  order of July 5, 2005 was based upon a *prima facie* standard and did not allow plaintiffs to challenge

26  the findings of the juvenile court in the instant action.

27              **1.  Recoverable Damages Limited to Constitutional Violation**

28

Order on Renewed and Supplemental Motion for Judgment and/or New Trial
No. C-06-04029 RMW

United States District Court
For the Northern District of California

1  Plaintiffs contend that the court improperly limited the damages recoverable in this case.

2  The children were removed on June 29 and June 30, 2005 without a warrant or exigent

3  circumstances and a detention hearing was held on July 5, 2005.  The juvenile court made a

4  determination that the children should remain detained for their welfare.[1]  The parties have not cited,

5  nor has the court found, a case that presents the exact issue involved here: what damages are

6  recoverable for the removal of a child from his or her parents without a required warrant or exigent

7  circumstances where the juvenile court makes an order at the initial detention hearing that the child

8  should remain detained for his or her welfare.

9  The court instructed the jury that:

10  You may award as compensatory damages the amount of money that you
   determine will reasonably and fairly compensate plaintiffs for any emotional distress
11  or injury that you find was caused by the violation of plaintiffs' Constitutional rights
   by Sgt. Blank and Officer Hoyt, specifically taking of the plaintiff children into
12  custody without either a warrant authorizing them to do so or the existence of
   "exigent" (emergency) circumstances.  You should consider the mental and emotional
   pain and suffering experienced by each of these plaintiffs as a result of the
13  Constitutional violation.  However, your damages award should not include any
   damages for emotional distress resulting from the separation of the children from
14  their parents and the children's detention in protective custody. The Santa Clara
   County Department of Family and Child Services filed a petition with the Juvenile
15  Court, and the Juvenile Court ordered that the children were to remain in protective
   custody pending further order of the Juvenile Court. In light of the Juvenile Court
16  order, the Officers cannot be held responsible for any emotional distress caused by
   the separation of the children from their parents and the children's detention in
17  protective custody.  However, the Juvenile Court order does not validate or
   retrospectively approve the constitutional violation including the manner in which the
18  children were taken into protective custody.

19  Jury Inst. No. 4.

20  The court believes it correctly instructed the jury based on the reasoning of the Supreme

21  Court in *Carey v. Piphus*, 435 U.S. 247 (1948), which involved a reasonably analogous situation.  In

22  *Carey* students claimed that they had been suspended from school without procedural due process

23

24  _____

25  [1]  Cal. Welf. & Inst. Code § 313 requires that an initial detention hearing be held within 48 hours
   after a child has been taken into custody, excluding nonjudicial days, unless within that period of
25  time a petition to declare the child a dependent child has been filed.  If a petition has been timely
   filed, Cal. Welf. & Inst. Code § 315 directs that a detention hearing be held before the expiration of
26  the next judicial day after a petition to declare the minor a dependent child has been filed. The
   detention hearing in the instant case took place hearing on July 5, 2005 given that the three prior
27  days were weekend days and the 4th of July holiday.

28

Order on Renewed and Supplemental Motion for Judgment and/or New Trial
No. C-06-04029 RMW

and so brought action against the school board.  The district court found that the students' rights had been violated but failed to award damages, and plaintiffs appealed.  The court of appeals held that the students were entitled to recover substantial damages for the suspensions even if they were justified and even if the students did not prove that any other actual injury was caused by denial of procedural due process.  The Supreme Court reversed and held that where a deprivation is justified (the suspensions in *Carey*; the removal here) but procedures are deficient (suspensions without a pre-suspension hearing in *Carey*; here the removal without a warrant), whatever distress a person (the students in *Carey*; the plaintiffs here) suffers that is attributable to the justified deprivation (the suspensions in *Carey*; the removal here) is not properly compensable under 28 U.S.C. § 1983.  *Carey*, 435 U.S. at 263-264.  However, mental and emotional distress caused by denial of procedural due process itself (suspensions without a pre-suspension hearing in Carey; here the removal without a warrant) is compensable although difficult to prove.  *Id.*

The 10th Circuit applied *Carey* in *Gomes v. Wood*, 451 F.3d 1122 (10th Cir. 2006), a case involving the application of *Carey* in a child removal case.  The court held that the district court improperly granted summary judgment in favor of defendants based upon *Carey* because plaintiffs' alleged damages resulted from the emotional distress caused by the denial of procedural due process itself and thus were recoverable under *Carey*.  The significance of *Gomes* to the case at issue is that it recognized the difference in a child removal case between damages arising from the deprivation of liberty or property (separation of the family) and  damages arising from the denial of procedural due process itself.  The *Gomes* court observed that plaintiffs could not recover damages for the separation of the parents from the child because the removal was justified.  However, the district court mistakenly construed the damages sought by plaintiffs as separation damages rather than damages for the denial of procedural due process itself.  "Here, the Gomeses have not contested the state judge's finding that the removal of Rebekah was justified. Moreover, they have not sought nominal damages. Accordingly, they may only recover damages arising from the denial of due process itself." *Id.* at 1132.

> We acknowledge that the line drawn by the Supreme Court in *Carey*—between (a) damages arising from the deprivation of liberty or property and (b) damages arising from the denial of procedural due process itself—may be a fine one. Moreover, in

many instances, plaintiffs may offer the same evidence to support both classes of damages claims.
     Nevertheless, the Gomeses have alleged that they have suffered damages from the denial of procedural due process itself (and thus recoverable under *Carey*).

*Id.*

Defendants argue that *Mabe v. San Bernardino County*, 237 F.3d 1101 (9th Cir. 2001), supports their position that plaintiff can only seek damages for the failure to obtain a warrant and supports the application of *Carey* to the instant case.  In *Mabe*, the court held that although summary judgment was precluded on plaintiff's claim that her daughter was improperly removed without a warrant, summary judgment was proper in favor of defendants on plaintiff's claim that defendants were liable for placement of the daughter in foster care.  The court reasoned that because the juvenile court found two days after the removal that a *prima facie* showing had been made that the lack of pre-placement preventive efforts was reasonable and that continuation in the parental home would be contrary to the welfare of the minor, there was no basis for liability for the four-year placement in foster care.  The *Mabe* court clearly held that the juvenile court's finding cut off any liability for damages or suffering incurred as a result of the foster care placement. *Id.* at 1110.  It is not clear, however, that Mabe raised the specific claim that she was entitled to damages for the separation from her daughter for the two day period prior to the detention hearing as opposed to a claim that the placement should never have been made.  Therefore, *Mabe* offers no insight on the issue here.  However, nothing in *Mabe* suggests that the rules from *Carey* and *Gomes* should not be applied to the instant case.

     **2.  Lack of Relevance that Juvenile Court's July 5, 2005 Detention Order Was Based Upon a *Prima Facie* Standard**

The plaintiffs apparently contend that they should have been able to attack in the instant case the correctness of state juvenile court's detention order since it was based upon a *prima facie* standard.  However, the only purpose of the reference to the detention order was to explain that the officers were not responsible for the detention of the children after July 5, 2005.  That continued detention was based upon the petition filed by the County and the juvenile court's detention order.  The officer defendants were not responsible for the detention order and the jury needed to be so advised.  The correctness of the detention order was not relevant—the relevance was only that it was

Order on Renewed and Supplemental Motion for Judgment and/or New Trial
No. C-06-04029 RMW

made.  The court did not err by admitting the fact of the detention order because it was made using a *prima facie* standard.

## II.  ORDER

Plaintiffs' renewed and supplemental motion for judgment as a matter of law and for a new trial on damages is denied in its entirety.

DATED:   <u>December 4, 2012</u>



RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California